Horace Maynard, Special J.,
delivered the opinion of the Court.
This suit contests the validity of a Will. It was established by the verdict of a jury, and the judgment of the Circuit Court. The contestant appeals for a new trial, upon two grounds:
1. One of the subscribing witnesses, who also wrote the Will, when examined touching the condition of the testator’s mind, said: “I would not have witnessed the Will, had I not believed he was sane *141 at the time.” After the jury had retired to consider of their verdict, they returned into Court, and asked that the ’witness re-state this part of his testimony. He was allowed by the Court to do so. On both occasions the contestant objected. In this we apprehend no error. It was, in substance, the expression of an opinion by the witness, that, at the time of making the Will, the testator was of sound mind. He had already stated the facts constituting the grounds, of his opinion. This, however, in the case of a subscribing witness, was unnecessary. His opinion, as such, was legitimate. The practice of allowing a re-statement to the jury, of such portions of the evidence as they may desire to hear, at any time before delivering their verdict, and in the presence of the Court, is too well established to be called in question.
‘ 2. It is insisted that the verdict is not warranted by the evidence. The inflexible rule of this Court, in civil actions, forbids the disturbance of a verdict satisfactory to the Circuit Judge, where no error of the law intervenes, if there be any evidence to sustain it. This case hardly requires the application of the rule, to the facts disclosed in the record. The formal and orderly execution of the instrument not being questioned, the jury were called on to decide upon the sufficiency of the testator’s mind, for the performance of a testamentary act. He was very old, eighty-seven years, stricken with palsy, confined to his bed, and very dependant. He was illiterate in the English language, being unable either to read or *142 write it. The names of his former acquaintances were often forgotten. When applied to about business, he usually, perhaps ■ always, referred the parties to his wife; yet he appears all the time, to have been thoroughly self-conscious and aware of his own infirmity; at one time saying “he was just ready to leave the world at any time — he felt his prospect clear;” at another, that “he was of no account, and a pest to his friends;” and when asked about his health, would reply, “Oh! I am just here, and that is all.” In. short, we have the common spectacle of old age, waiting, in conscious weakness, the passage to the other life. The law justly regards with peculiar tenderness, the Wills of the aged. The power to dispose of their property, is often the only means of securing that attention and care, for which they appeal in vain to humanity and natural affection. It then becomes the sole remaining staff of their declining years. Even the undue influence, sometimes alleged, usually assume in such cases, the form of unwearied kindness.
We are quite satisfied with this verdict; and the judgment will be affirmed.