JERRY LYNN JERNIGAN, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.
—475 S.W.2d 184.

September 15, 1971.

Certiorari Denied by Supreme Court December 20, 1971.

R. Price Nimmo, Nashville, for plaintiff in error.

David M. Pack, Attorney General, C. Hayes Cooney, Assistant Attorney General, Nashville, C. Douglas Thoresen and Kent Sandidge, III, Assistant District Attorneys General, Nashville, for defendant in error.

RUSSELL, J.  The plaintiff-in-error, Jerry Lynn Jernigan, seeks reversal of his conviction for rape and ninety-nine year penitentiary sentence.

Jernigan, a narcotics addict, admits that he broke into the mobile home of Mrs. Gloria Jones at about 2 a.m., seeking to steal to "feed his habit". He was armed with an automatic pistol. Upon finding Mrs. Jones, a divorcee, in bed with her paramour, James Eric Cantrell, Jr., he forced Cantrell to go into the bathroom and shot him. The bullet entered Cantrell's abdomen on the left

side at about belt level and lodged against his spine, immobilizing his legs. Jernigan made Mrs. Jones provide the material with which he then tied Cantrell's hands behind him.

This much Jernigan admitted upon his trial. However, he then contended that Mrs. Jones, in the context of this tragedy, solicited sexual intercourse with him, a stranger who had just forced his way into her home in the middle of the night and senselessly shot her friend. He further testified that he accepted her proposition; but, despite spending half an hour in bed with her, during which time she sought to inspire him, he was unable to consummate intercourse.

Much more logical was the story told by Mrs. Jones, and accepted by the jury, that Jernigan forced her at gun-point to submit sexually to him. Cantrell witnessed the rape and testified to the fact. Mrs. Jones testified to revolting unnatural sex acts required of her, literally with a pistol muzzle pressed against her head.

We are convinced, as were the jury and trial judge, that Jernigan committed this horrible crime. He personally admitted everything except the rape; and his story in that respect is totally incredible.

██ Complaint is made that the punishment fixed by the jury is excessive. We can only conclude that this argument is grounded upon the fact that Mrs. Jones admittedly was not a sexually virtuous woman, having had intercourse with Cantrell (another woman's husband) earlier the same night. We reject any such contention. Certainly this woman was entitled to the full

protection of the law from the horrible abuse inflicted upon her by this criminal, who apparently was totally unrestrained in his conduct. He testified without hesitation about his prior criminal record, his narcotics addiction, the burglary of this home, and the shooting of Cantrell. The jury obviously intended that he never again be free to prey on the public. We approve their judgment, and overrule the assignment of error going to the alleged insufficiency of the evidence and alleged excessiveness of the punishment. The evidence certainly does not preponderate against the jury's verdict, and the punishment set is within the range prescribed for forcible rape.

■ Complaint is made that Jernigan was denied a speedy trial, and hence should be turned loose. This crime occurred in late August, he was arrested on September 1, indicted the following month, and tried the next June. He was first put to trial in April, but the jury panel was exhausted before a complete jury could be obtained and the trial judge declined to summon a special venire and continued the case.

We are urged to lay down an absolute time limit from accusation to trial of six months, and hold that all not tried within such time must be turned loose.

No prejudice whatsoever to Jernigan is called to our attention, except that he was in jail. Certainly that is where he belonged, upon the authority of his own testimony.

Our courts are crowded with cases, many of them requiring many days and even weeks to try. We reject

the proposal that we set an arbitrary time limit within which all cases must be tried.

■ Unless a defendant can show needless, vexatious or oppressive delay he has not been denied a speedy trial. Arrowsmith v. State, 131 Tenn. 480, 175 S.W. 545. Prejudice to him, if any, is a signficant factor. We find no violation of Jernigan's right to a speedy trial, and overrule this assignment.

■ The final assignment of error has to do with the alleged fact that the Assistant District Attorney General who actively tried the second (and final) day of this trial did not participate in the voir dire examination of the jury. The contention is made that defendant's counsel was thereby deprived of the opportunity and right to challenge peremptorily any prospective juror who might have been acquainted with General Thoresen.

This question was not raised until all the proof was in, at which time a mistrial was moved for. Nowhere is it shown that anyone on the jury actually knew General Thoresen. (The record of the voir dire reflects that defense counsel asked none of the jurors if they knew General Sandidge, the original leading counsel, who left the case because his wife delivered a child.)

This assignment is totally without merit. The mere fact that someone on the jury might have known the prosecuting attorney says nothing. Many cases are tried in rural areas wherein all of the jurors know all of the lawyers, litigants and witnesses. Nor is it sound logic to assume that a juror who knows a lawyer will favor him. Most would try to be true to his or her oath. One

harboring prejudice would be as likely to be prejudiced against a given lawyer as for him.

There is nothing in this record to indicate any incompetency on the part of any juror. The assignment is overruled.

The judgment of the trial court is affirmed.

Mitchell and Dwyer, JJ., concur.