**John E. SMITH and Oscar Randall Hopkins,
Appellants,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 15, 1974.

Certiorari Denied by Supreme Court
July 29, 1974.

---

Robert S. Sutton, Stafford Hagwood, Asst. Public Defenders, Nashville, for appellant Smith.

E. Lee Allen, Nashville, for appellant Hopkins.

David M. Pack, Atty. Gen., W. Henry Haile, Aaron Wyckoff, Asst. Attys. Gen., Nashville, for appellee.

## OPINION

O'BRIEN, Judge.

Smith and Hopkins were indicted for armed robbery. The jury returned a verdict of guilty of robbery with a deadly weapon against Smith, and robbery accomplished without the use of a deadly weapon against Hopkins. Smith's punishment was fixed at ten (10) years in the Penitentiary, and Hopkins' punishment fixed at five (5) years. Judgment was properly entered.

The indictment in this case was returned on January 28th, 1972. Defendants were arraigned on February 11th, 1972, and the cases continued. The technical record indicates the trial was set for July 11th, 1972, and continued. On October 3rd, 1972, the cases were continued until November 15th. On November 15th, 1972, defendant Hopkins failed to appear and his bond was forfeited. The cases were continued until January 25th, 1973, on which

date a continuance was required because there was another trial in progress. On February 14th, 1973, a motion to dismiss was filed on behalf of the defendant, Smith, alleging denial of a speedy trial. This motion was overruled on February 16th, and the cases went to trial on February 22nd, 1973.

In this case, between the date of the indictment, January 28th, 1972, and February 22nd, 1973, the date of trial, a multiplicity of motions were filed, including motions to dismiss, motions to quash the indictment, motions for reduction of bond, to suppress evidence, etc. At one setting of the case on November 15th, 1972, the defendant, Hopkins had forfeited his bond. Since this matter has been submitted to this court for disposition on appeal, an application has been made to amend the briefs to state the alleged failure of the State to give the appellants a speedy trial as grounds.

This allegation was not made in the motion for new trial nor was it made an assignment of error in this court on the appeal, therefore it cannot be considered even though we have fairly reviewed this record and do not find these defendants have been denied this constitutional privilege. Unless a defendant can show needless, vexatious or oppressive delay he has not been denied a speedy trial. Jernigan v. State, Tenn.Cr.App., 475 S.W.2d 184. These elements are not to be found in this record.

For the benefit of clarity we will deal first with the assignments of error made by the defendant, Smith. By the first, second, third, and fifth assignments it is argued that the evidence does not support the verdict; the verdict was contrary to the law; and the evidence preponderates against the verdict. It is argued that a verdict should have been directed in favor of the defendant.

Smith was identified by the robbery victim, who testified he removed a stocking mask from his face while in the process of picking up money dumped from the cash

register on the floor at the robbery scene. He was also identified at a line-up by the robbery victim. A Bank Americard belonging to the victim was found in his possession at the time of his arrest. This defendant made a confession which was reduced to writing. The substance of this confession was introduced in evidence.

■ The evidence recited here was abundantly sufficient to warrant submitting the case to the jury and the trial judge properly exercised his discretion in declining to direct a verdict in this case. The assignments are overruled.

■ By the fourth assignment for Smith it is alleged the court erred in failing to sustain defendant's motion to suppress the written confession of his co-defendant.

The co-defendant, Hopkins, gave a confession which was admitted in evidence but was not submitted to the jury for their perusal. The trial court held an extensive evidentiary hearing in the absence of the jury on the admissibility of Hopkins' confession and held it to be admissible. Under the facts of this case we agree that the statement was admissible and all of defendant's rights in that regard were properly reserved. Smith claims a violation of his constitutional right under the ruling of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. We cannot attach any credence to this claim. His co-defendant, Hopkins, took the stand in his own defense. Smith had the full right of cross-examination of this co-defendant.

■ It is argued that the confession of the co-defendant could not have been voluntarily given because confessor's low bond was at stake. At the pre-trial hearing to suppress this confession the defendant Hopkins testified that the police officers promised to help him in obtaining a low bond in · return for his confession. This was refuted by the testimony of all the police officers involved, whose testimony was unimpeached. This alone takes this case out of the framework of Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L. Ed.2d 922, where the police officers corroborated the testimony of the defendant in regard to the coercion used to solicit her confession. The assignment stands overruled.

■ The sixth assignment also deals with the admission of the written confession of the co-defendant in a somewhat different aspect. It is first protested that the confession was involuntarily given. We have already dealt with that issue. It is said that the trial court erred in allowing the district attorney to orally cross-examine the co-defendant with regard to facts and circumstances contained in the written confession which was not before the jury and only admitted for identification purposes. It is true the confession was not submitted to the jury. However, it was introduced into evidence as Exhibit 7 for the State. No authority is offered for this unique proposition, nor do we know of any which would sustain it. The State relies on the United States Supreme Court decision in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1. In the *Harris* case an otherwise inadmissible statement by defendant was used on cross-examination, after he had taken the stand, for impeachment purposes to attack the credibility of his trial testimony. The United States Supreme Court held that this was proper cross-examination and we agree. We hold that the propriety of the· cross-examination in this case was more emphatic because the confession was properly admitted in evidence. The only objection the defendant Smith could have would be for violation of the Bruton rule which is not applicable here. He was not denied the right of confrontation. The assignment is overruled.

■ Hopkins also attacks the quantum and legality of the evidence by his first, second, third and fifth assignments. It was brought out on cross-examination of the robbery victim that three persons were

involved in the robbery. He testified the driver of the car had long black hair. A police officer testified that Hopkins stated he stayed in the car at the market where the robbery occurred, also that he had received twenty-five ($25.00) dollars of the robbery money. On direct testimony the defendant stated he shared an apartment with defendant, Smith, and a third person. He admitted giving statements to police on the theory that he was scared because they were going to set his bond so high he couldn't get out of jail if he did not tell. His own testimony was sufficient corroboration of his confession, which we have held was voluntary. The evidence was sufficient to warrant the trial court in overruling the motion for a directed verdict and submitting the case to the jury. The first six assignments of error propounded by this defendant are overruled.

■ By the seventh assignment it is asserted that the trial court erred in failing to grant a mistrial based on the willful misconduct of the State attorney general in his final argument in deliberately referring to long black hair when he knew the record was silent to such fact either by inference or by direct testimony.

The argument of the State is not in the bill of exceptions and therefore the matter cannot be considered here. Driscoll v. State, 191 Tenn. 186, 232 S.W.2d 28. Moreover, the robbery victim testified that the driver of the getaway car did have long black hair. The assignment is overruled.

■ The final assignment applies itself to the admission of defendant's written confession, and in allowing the police officers to testify as to certain oral admissions made by the defendant in connection with the written confession.

We have dealt with this matter in consideration of the various other assignments. The trial court found the confession to be admissible in evidence. The trial judge's finding of fact is conclusive

unless the Court of Criminal Appeals finds evidence preponderates against the judgment. Parker v. State, Tenn.Crim.App., 492 S.W.2d 456. We have already stated that we concur in the trial judge's finding.

All assignments of error for each defendant are overruled and the judgment of the trial court affirmed.

WALKER, P. J., and OLIVER, J., concur.