George Bennie WOODSON, Jr., Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 7, 1978.

Certiorari Denied by Supreme Court March 5, 1979.

Larry D. Woods and Robert C. Watson, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, Columbus Wade Bobo, Asst. Dist. Atty. Gen., Clarksville, for appellee.

RUSSELL, Presiding Judge.

## OPINION

The appellant, George Bennie Woodson, Jr., was tried by a Montgomery County jury and convicted of bribery. He was sentenced to a term in the State Penitentiary of two to three years. Upon the denial of his motion for a new trial, the appellant has perfected an appeal to this Court.

The facts show that the appellant, a detective sergeant for the Clarksville Police Department, aided in the apprehension and arrest of one Israel Ramos Rodrequez on a burglary case. Rodrequez testified that the appellant offered to "fix" the case for Rodrequez in exchange for a van, estimated to be worth five to six thousand dollars. This allegation was documented by three tapes of conversation between Rodrequez and Woodson.

The appellant insisted that he agreed to help Rodrequez in exchange for his aid on a case, i. e., Rodrequez would act as an informant; that he wanted to purchase the van, but that he would swap his present car and assume the payment of notes in exchange for the van; and that any references to a "fix" on the tape were merely allusions to straightening out the title to the van.

Among appellant's assignments of error are contentions that the prosecutor made several prejudicial remarks during closing argument and cross-examination; that the court erroneously excluded any evidence concerning entrapment as a defense; that the court allowed the jury to rehear evidence and reexamine an exhibit after they had retired for deliberation; and that the judge failed to examine the jurors concerning prejudicial pretrial publicity for purposes of a possible change of venue. The record reveals that not a single objection was raised during the course of the trial in connection with any of these "errors".

It is well-established in Tennessee that such alleged errors, to which no objections were made in the court below, cannot properly be raised for the first time on appeal. *Ezell v. State,* 220 Tenn. 11, 413 S.W.2d 678 (1967); *Webb v. State,* 173 Tenn. 518, 121 S.W.2d 550 (1938); *Patty v. State,* 556 S.W.2d 776 (Tenn.Cr.App.1977); *Hester v. State,* 2 Tenn.Cr.App. 11, 450 S.W.2d 609 (1969); *State ex rel. Carroll v. Henderson,* 1 Tenn.Cr.App. 427, 443 S.W.2d 689 (1969).

We find that some of the prosecutor's remarks in argument were not strictly proper, but were not objected to; that the record does not reveal any ruling by the trial court or arguments by counsel on entrapment, and so there was no error in that respect by the trial judge; that an instruction concerning entrapment was not justified by the evidence and was properly refused, *Shadden v. State*, 488 S.W.2d 54 (Tenn.Cr.App.1972), *cert. denied* 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1975); that the requested rehearing by the jury of certain evidence (tape recordings) was conducted in open court in the presence of the judge and counsel without objection (see also *Van Huss v. Rainbolt*, 42 Tenn. 139 (1865)); and that the voir dire in this case was properly supervised by the trial court. The assignments are overruled.

The appellant next contends that the conviction is void because of a systematic and purposeful exclusion of blacks from the jury lists in Montgomery County and that likewise there is discrimination in the selection of grand jury foremen. These challenges were first raised in the motion for a new trial. Unless a defendant objects to the venire before he pleads to the indictment, he cannot thereafter avail himself of a claim that the venire was improperly composed. *Ellis v. State*, 92 Tenn. 85, 20 S.W. 500 (1892); *Turner v. State*, 89 Tenn. 547, 15 S.W. 838 (1891); *McTigue v. State*, 63 Tenn. 313 (1874); *State v. Cole*, 28 Tenn. 626 (1849); *Lillard v. State*, 528 S.W.2d 207 (Tenn.Cr.App.1975); *State ex rel. Henderson v. Russell*, 3 Tenn.Cr.App. 204, 459 S.W.2d 176 (1970); *Johnson v. State*, 3 Tenn.Cr.App. 17, 456 S.W.2d 864 (1970); *Burt v. State*, 2 Tenn.Cr.App. 408, 454 S.W.2d 182 (1970); *State ex rel. Lawrence v. Henderson*, 1 Tenn.Cr.App. 119, 433 S.W.2d 96 (1968). Any error, therefore, is waived and the assignments are overruled. See *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

The appellant now claims that he did not knowingly waive his objections to the venire. It is apparent from the record that the appellant retained and was represented by competent counsel during the trial. Although he has retained different counsel on appeal, he may not now repudiate the tactics and decisions of his former attorney. "Considering the fact of competent counsel, knowledgeable in the ways of criminal procedure, and cognizant of the rights of those he is appointed to defend we can make no other assumption than that the election of counsel to by-pass an objection to the composition of the grand jury in this case was a deliberate strategic choice . . .". *Holiday v. State*, 519 S.W.2d 597 (Tenn.Cr.App. 1973); *Holiday v. State*, 512 S.W.2d 953 (Tenn.Cr.App.1972). The appellant may not now be heard to challenge that decision. The assignment is overruled.

The appellant also urges us to remand the case to the trial court for a new hearing on the motion for a new trial, at which hearing the appellant would be allowed to fully develop the facts pertaining to his racial challenge of the jury venire. As we have hereinabove determined that any objection to the jury has been waived, another hearing below concerning that issue would not be in order. Accordingly, the assignment is overruled.

The appellant next contends that the bribery statute under which he was indicted, Tenn.Code Ann. § 39–804, is unconstitutional and void for vagueness in that it fails to specify intent. The appellant claims that detectives and police officers often must enter into agreements with criminals and informants as part of the law enforcement process and that, as a result, they may be in technical violation of the bribery statute. However, the statute explicitly provides punishment for an officer who "*corruptly* accepts, or agrees to accept, any gift, gratuity, or thing of value . ." in violation of the statute. (emphasis supplied.) Agreements with criminals and informants as part of the law enforcement process are consistent with official duty and for the public good. They are, therefore,

not corrupt and would not fall within the prohibition of the statute. While Tenn. Code Ann. § 39–804 is flexible, it is not vague, and we do not find it constitutionally infirm. The assignment is overruled.

The appellant further contends that the indictment was insufficient in that it failed to allege the requisite intent and adequate notice of the nature of the offense. However, this issue was first raised in the motion for a new trial. Defects in the indictment are waived if not raised prior to a plea to the merits. *Wade v. State*, 529 S.W.2d 739 (Tenn.Cr.App.1975). In any event, the indictment tracks the statute, Tenn.Code Ann. § 39–804, which we have hereinabove found constitutionally sound. The assignment is overruled.

The appellant next contends that he was denied the right to a speedy trial. Woodson was arrested on April 15, 1977 and indicted on September 28, 1977. The trial commenced on December 13, less than eight months after the appellant's arrest and less than three months after his indictment.

In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court established four criteria to be utilized in the determination of whether the defendant's rights to a speedy trial were violated: (1) length of delay, (2) reason for delay, (3) the defendant's assertion of his rights to a speedy trial, and (4) prejudice to the defendant. Our Supreme Court adopted these standards in *State v. Bishop*, 493 S.W.2d 81 (Tenn.1973). We do not find in this case the "needless, vexatious, or oppressive" delay which indicates the denial of a speedy trial. *Smith v. State*, 512 S.W.2d 619 (Tenn.Cr.App.1974); *Jernigan v. State*, 4 Tenn.Cr.App. 614, 475 S.W.2d 184 (1971). Likewise, the record does not indicate any reason for the delay other than an overcrowded docket. The Sixth Circuit Court of Appeals noted in *United States v. LaBorde*, 496 F.2d 965 (6th Cir. 1974), that when "the reason for the delay is the 'more neutral

reason' of an overcrowded docket, the weight to be attached to the delay is minimal." We note also that there is no indication in the record that the appellant ever asserted his right to a speedy trial, a fact which strongly militates against any finding of a denial of speedy trial rights. *Barker v. Wingo, supra; United States v. Reynolds*, 489 F.2d 4 (6th Cir. 1973). Finally, we do not find that the appellant was prejudiced by a defense witnesses' unavailability at the trial due to the delay, as contended by the appellant. The appellant admits that the witnesses' testimony would have constituted impeachment testimony only and that the defense failed to preserve or provide for the witnesses' testimony. Utilizing the balancing test provided in *Barker v. Wingo, supra*, and *State v. Bishop, supra*, and finding that all four factors in the test militate against the denial of the appellant's rights to a speedy trial, we find the assignment without merit and it is overruled.

The appellant contends that the trial court erred in admitting the tape recordings and transcripts because the recordings were procured in violation of state and federal law. One of the three recordings was taped by Rodrequez himself by use of a small recorder concealed inside his van; the other two were the result of telephonic taps on calls placed by Rodrequez from the District Attorney General's office.

Obviously, the first taping, initiated by Rodrequez himself, was with Rodrequez's consent. Rodrequez testified that the other two tapes were made with his consent, and the record contains nothing to dispute this.

The Crime Control Act of 1968, 18 U.S.C. §§ 2510–2520, specifically exempts from its prohibitions recordings made with the consent of one party to the conversation. 18 U.S.C. § 2511(2)(c) and (d). See also *Rathbun v. United States*, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957). Moreover, under *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), Rodrequez

could testify to any conversations with the appellant. The mere fact that the conversations were taped should have no effect. Indeed, as we have noted in a similar case, *Clariday v. State*, 552 S.W.2d 759 (Tenn.Cr. App.1976), the rationale of Justice White in *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122 (1971), is particularly appropriate:

> "If the law gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when that same agent has recorded or transmitted the conversations which are later offered in evidence to prove the State's case."

401 U.S. 745 at 752, 91 S.Ct. 1122 at 1126. We thus find no federal law violation.

State law violations are also claimed. The appellant contends that the prohibitions of Tenn.Code Ann. § 39–4533 (which makes wiretapping a felony) and § 65–2117 (which prohibits the wiretapping of telephones without the consent of the owner of the line or his agent) have been transgressed. However, this Court has specifically held that taken together, those statutes authorize by implication, the recording of a telephone conversation where one party to the conversation consents to the recording. *Stroup v. State*, 552 S.W.2d 418 (Tenn.Cr.App.1977). We find, therefore, no violation of state law. This assignment of error is, accordingly, overruled.

■ The appellant claims that the tape recordings and transcripts were not properly admitted into evidence. The record, however, indicates that all were properly identified and authenticated. The assignment is overruled.

■ Finally, the appellant challenges the sufficiency of the evidence. The appellate courts of this state are not free to evaluate the evidence as they please. *State v. Wilson*, 556 S.W.2d 232 (Tenn.1977); *State v. Johnson*, 541 S.W.2d 417 (Tenn. 1976); *State v. Grace*, 493 S.W.2d 474 (Tenn.1973). It is not the function of an appellate court to re-weigh the evidence adduced at a criminal trial. *State v. Heath*, 560 S.W.2d 627 (Tenn.1978). The guilty verdict of the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves any conflict in the testimony in favor of the State. *State v. Johnson, supra; State v. Bullington*, 532 S.W.2d 556 (Tenn.1976); *State v. Townsend*, 525 S.W.2d 842 (Tenn.1975); *Sikes v. State*, 524 S.W.2d 483 (Tenn.1975). The appellant's conviction will not be disturbed on appeal unless he overcomes the presumption of guilt and proves that the evidence preponderates against the guilty verdict and in favor of his innocence. *State v. Thompson*, 549 S.W.2d 943 (Tenn.1977); *State v. Sneed*, 537 S.W.2d 699 (Tenn.1976). We find, after reviewing the entire record and all the pertinent arguments, that the appellant here has not met that burden.

■ As a part of this assignment, the appellant contends that the offense charged in the indictment was not proven, since it was impossible for the appellant to have the case against Rodrequez dismissed, inasmuch as he was not the prosecutor in the case. However, a corrupt act done under color of office, although beyond the authority of the police officer, constitutes a violation of the bribery statute. *Wells v. State*, 174 Tenn. 552, 129 S.W.2d 203 (1939).

For the foregoing reasons, the judgment of the trial court is affirmed.

DAUGHTREY and TATUM, JJ., concur.