**Roy IVEY, Sr., Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 28, 1979.

Permission to Appeal Denied by Supreme Court March 10, 1980.

purity . . . who would prefer death to pollution," and *Benestine v. State*, 70 Tenn. 169 (1879).

Hughie Ragan, Richard H. Donnell, Jackson, for appellant.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, James G. Woodall, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

DAUGHTREY, Judge.

The appellant-defendant, Roy Ivey, Sr., was convicted of first degree burglary and sentenced to not more nor less than five years imprisonment. On appeal he assigns numerous grounds for reversal, but only three of these are properly before the Court for review. After a study of the record, we find no error so serious as to merit a new trial, and we affirm the conviction.

The defendant objects to the trial court's "delay of the trial," alleging that the judge improperly adjourned court early on the first day of trial, permitting the State to secure additional rebuttal witnesses for the next day. However, no objection was entered at the time, defense counsel indicating only that he would "like for [the prosecuting attorney] to let us know who these witnesses are. . . ." Moreover, the defendant cannot now complain of the trial court's failure to lock up the jury overnight because defense counsel specifically agreed to nonsequestration at the trial. Nor was there any error in the trial judge's conduct of sidebar conferences with the prosecution and defense attorneys but without the defendant's immediate presence at the bench. In none of these respects does it appear that the trial judge abused his discretion, and in the absence of timely objection, these matters are not subject to further review. *Marsh v. State*, 561 S.W.2d 767 (Tenn.Crim.App.1977).

The defendant's challenge to the admissibility of his statement to police must likewise fail, since there was no objection entered at trial nor any reference to the matter in the defendant's motion for a new trial. The issue may not be raised for the first time on appeal. *Hawkins v. State*, 543 S.W.2d 606 (Tenn.Crim.App.1976).

The defendant argues that the evidence is not sufficient to support the jury's verdict. The proof was that at 1:45 a. m. on April 9, 1978, Lesa Green had just finished watching a late movie in a second floor unit of the Cavalier Apartments, where she lived alone. Before retiring for the night, she took her dog downstairs and out the front door of the four unit apartment building, leaving her previously locked apartment door temporarily unlocked. She testified that she went back upstairs some five to seven minutes later, opened the door and re-entered her apartment. Her dog, sensing something was wrong, began barking and ran first to the kitchen and then to the hall outside the two bedrooms at the rear of the apartment. Ms. Green followed the dog and quickly noticed that the door to the "spare bedroom" was almost closed. Recalling that the door had been standing

wide open when she left the apartment, she became suspicious, went to her bedroom, got a .22 pistol, and returned to the hall. As she pushed open the door to the other bedroom, a strange man emerged, holding the victim's green afghan in front of him. Fearful, the victim stepped back into her bedroom. The intruder came toward her, saying "Don't shoot." She told him to stop or she would shoot him. He continued to advance toward her, she repeated her warning, and when she was backed up against the wall, she fired the pistol once, wounding the intruder in the chest. He grabbed the victim and threw her down on the bed, hitting her several times in an attempt to get the gun. Finally, he ran to the open bedroom window, pushed the screen through and jumped to the ground from an outside balcony. The victim ran to the nearest apartment to get help.

The police first interviewed the defendant at a local hospital, where he had driven himself after suffering a gunshot wound to the chest. He told an investigating officer that he had been shot by a woman at the Cavalier Apartments, while visiting her apartment at the invitation of her boyfriend. The defendant told a similar story at trial, saying that he had gone to Ms. Green's apartment with one "Jerry Middleton," whose whereabouts were currently unknown to him, and that he became ill from the effects of smoking marijuana with "Jerry." He said that he had laid down in the back bedroom to recuperate, and was awakened by a dog. He said that as he got up he was inexplicably shot by Ms. Green. He explained that he had seen Lesa Green and "Jerry Middleton" together at a local supper club, and that "Jerry" had described Ms. Green as his girlfriend. (The record shows that the defendant is black and Ms. Green is white; this point became salient when an officer testified that the defendant described the man who took him to Ms. Green's apartment as black, while at trial the defendant testified that "Jerry" was white.)

Lesa Green testified on rebuttal that she knew no one by the name of Jerry Middleton and did not have a boyfriend at the time of the shooting. She said she had never seen the defendant before. (She had been unable to identify him on direct examination as the man whom she had shot on April 9, 1978.) There was proof in the record that at that time the defendant lived in the same apartment complex as Ms. Green, some half a block from her particular unit.

■ The defendant insists that there is inadequate proof of a "breaking" in this case. We disagree. While there is no evidence of a forced entry into Lesa Green's apartment, there is sufficient circumstantial evidence from which a jury could find a constructive breach of her apartment. See generally Bollin v. State, 486 S.W.2d 293 (Tenn.Crim.App.1972). The jury obviously rejected the defendant's testimony that he had entered the apartment by invitation and without the intent to commit a felony, as is their prerogative. Taking all the evidence in the light most favorable to the State, we are unable to say that no rational trier of fact could find the defendant guilty of first degree burglary beyond a reasonable doubt. Rule 13(e), Tennessee Rules of Appellate Procedure; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We therefore decline to reverse on the basis of evidentiary insufficiency.

■ The defendant next complains of a remark made by the prosecuting attorney during closing argument:

What's happened is that this defendant entered her home within eight or ten minutes or fifteen minutes that she was down there with that dog and hid in that apartment. And what he was going to do in there, I don't know. Was he going to steal something? He didn't have time to steal anything. Was he going to rape her? Well, he didn't get that done. And there's only one reason—(interrupted by defense objection).

In view of the fact that the indictment charged the defendant with breaking and entering with the intent to commit larceny, and given the inherently inflammatory nature of the remark concerning the possibili-

ty of rape, we think the prosecutor's statement was both unnecessary and unfortunate. Nor was the trial court's response to defense counsel's objection facially correct.* However, measured by the standards prescribed in *Judge v. State*, 539 S.W.2d 340 (Tenn.Crim.App.1976), we conclude that the error was not of such magnitude as to require the declaration of a mistrial in this case. And after a full review of the record, it is our judgment that the remarks in question did not affect the jury's verdict. *State v. Sutton*, 562 S.W.2d 820 (Tenn.1978). We therefore decline to reverse the defendant's conviction on the basis of the prosecutor's argument.

Finally, the defendant complains of the trial judge's failure to grant his petition for a suspended sentence, noting that ten prominent citizens appeared in court in support of his plea for probation. Although the trial judge did not say so explicitly, the record makes it clear that he denied probation based on the defendant's previous social and criminal record, which included a 1971 felony conviction for which he had received a suspended sentence. Taking the record as a whole, we are unable to say that the trial judge abused his discretion in declining to suspend the defendant's sentence.

The judgment of the trial court is affirmed.

WALKER, P. J., and TATUM, J., concur.

---

* The trial judge, in ruling on the objection, said, "I think entering an apartment for any reason, the Court will explain that to the jury, would be a felony." His charge to the jury correctly instructs them that only entry for a *felonious* purpose will support a burglary conviction, and we are persuaded that this is what he meant to say at the time he ruled on the objection. In view of his subsequent instructions, we conclude that the technical error made during argument had no effect on the verdict. See Rule 36(b), Tennessee Rules of Appellate Procedure.