STATE of Tennessee, Appellee,

v.

James Artie SHAW, Appellant.

Court of Criminal Appeals of Tennessee, At Jackson.

March 19, 1981.

Permission to Appeal Denied by Supreme Court July 6, 1981.

 

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, W. Fred Axley, Henry P. Williams, Asst. Dist. Attys. Gen., Memphis, for appellee.

Alan Bryant Chambers, Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

Convicted in Shelby County Criminal Court of robbery by means of a deadly weapon and sentenced to 20 years' imprisonment, James Artie Shaw appeals to this court. We find no reversible error and affirm the conviction.

In the first issue presented for review, the appellant attacks the sufficiency of the evidence. The state's evidence, which the jury accredited, showed that on August 9, 1979, at around noon, two male blacks entered Best Sales Company, a salvage store located at 3956 Jackson Avenue in Memphis, and appeared to be shopping. Ms. Judy Addington was the sole employee working at the store. After approximately 15 to 20 minutes, one of the men crawled behind the counter and attempted to open the cash register. Upon being confronted by Ms. Addington, the man explained that he was merely trying to tie his shoes. The two men then left the store. Another customer and her children were present during the time that the men were in the store.

At about 2:15 p. m. the two men returned to the store when Ms. Addington was alone and at gunpoint took $155 in cash and several checks from an envelope which was behind the counter. A passing motorist observed the robbery and he approached the store in his car. The two men then fled on foot into a nearby apartment complex and the motorist followed them. The motorist subsequently saw the two men leave the apartment complex in a 1972 or 1973 creme colored Mercury Marquis.

At trial Ms. Addington identified appellant as one of the robbers and appellant's girl friend's car was identified as the one used in the robbery.

The appellant testified denying his guilt and attempting to establish an alibi. Appellant's girl friend, Nell Gill, testified that appellant was at York and Willett streets in Memphis at around 2:45 p. m. Marvin Hearn, son of Nell Gill, testified that appellant was with him at home until about 2:25 p. m.

As for Gill's testimony the proof showed that the intersection of York and Willett streets was only about a 20-minute drive from the scene of the crime, thus giving appellant sufficient time to be at both places. Hearn's testimony was riddled with inconsistencies.

Whether to believe an alibi and the witnesses' testimony in support thereof is a question for the jury's determination. *Griffin v. State*, 599 S.W.2d 274 (Tenn.Cr. App.1979). Here the jury, by its verdict, has rejected the alibi defense, and we are unable to say that there is insufficient evidence to justify a rational trier of fact in finding appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Rule 13(e), T.R.A.P. This issue is without merit.

Next the appellant complains of the jury venire selection process in Shelby County. Appellant contends that he was denied a jury of his peers in that the venire was drawn from a limited group of Shelby County residents. The appellant raised this issue for the first time in his motion for a new trial. By failing to raise this issue prior to a plea on the merits, this issue has been waived. *Woodson v. State*, 579 S.W.2d 893 (Tenn.Cr.App.1978).

In the next issue presented for review, the appellant contends that he was denied a public trial. The appellant bases his complaint on the fact that no one was allowed to enter the courtroom when the attorneys commenced their closing arguments. The record reveals that closing argument was conducted early one morning prior to the trial judge's calling of his daily calendar. The trial judge's action was taken solely to keep the numerous people who would be arriving for the calendar call and who were disinterested in the present case from distracting from the closing arguments. The record does not reveal that anyone interested in the case was excluded from the courtroom; and, of course, anyone already in the courtroom when argument commenced was allowed to stay. We find no violation of the right to a public trial and, thus, this issue is likewise without merit.

The appellant next contends that the trial judge erred in allowing over his objection the jury to review a Mercury automobile parked in a lot across from the courthouse and which vehicle the state claimed was used in the robbery. Shaw insists that it was error to permit the view at all over his objection and that prejudicial, extraneous and irrelevant information was interjected into the evidence in that a barrel was chained to the vehicle with a notice of nonpayment of parking fees.

In *Boyd v. State*, 4 Tenn.Cr.App. 687, 475 S.W.2d 213 (1971), this court held that the trial judge did not abuse his discretion by refusing to grant the defendant's request for a view. Cf. *Canady v. State*, 3 Tenn.Cr. App. 337, 461 S.W.2d 53 (1970). We have no reported case where a view was granted over the objection of a defendant. Reversing the conviction for an unauthorized view, our Supreme Court, in *Watson v. State*, 166 Tenn. 400, 61 S.W.2d 476 (1933), quoted from authority to the effect that it is not the usual practice to grant a view except pursuant to an express statute or by consent of the parties.

The states are divided on the question of whether or not the court has inherent power, irrespective of consent to direct the taking of a view by the jury. Underhill's *Criminal Evidence*, sec. 514, 5th ed. (1956). Although the weight of authority holds that unless a view is prohibited, the taking of a view rests in the sound discretion of the court, we have Tennessee authority indicating that the court should have consent by both parties before exercising its discretion on granting a view. Higgins and Crownover *Tennessee Procedure in Law Cases*, sec. 1338 et seq. (1937); Caruthers *History of a Lawsuit*, sec. 346 (8th ed. 1963); *Watson v. State*, supra.

In this case the trial judge did not accompany the jury to the parking lot. It is always the safer and better course for the presiding judge to be present at the view. Underhill's *Criminal Evidence*, supra.

In any event, under the facts of this case, if the jury's view over objection constituted error, it was harmless at most. Rule 36(b), T.R.A.P. The view neither added to nor subtracted from the proof the state had already introduced. Numerous photographs of the car were in evidence. The state's proof showed that the car belonged to the appellant's girl friend. There was no indication that Shaw was responsible for the unpaid parking fees. This issue is meritless.

Next the appellant claims that he was prejudiced in this proceeding by cross-examination of him concerning an unrelated warrant. During the cross-examination of appellant, he was asked about his whereabouts on numerous dates. Nothing in the record indicates that the questions were other than routine attacks upon appellant's ability to recall. Appellant's attempt to present evidence on the matter was denied by the trial judge. If the assistant district attorney general used this proceeding to obtain information regarding another charge, as alleged by appellant, it was not apparent to the jury. Thus, an error, if it exists, relates only to the pending charge and not the present case. This issue is without merit.

In the next issue presented for review, the appellant contends that the trial judge erred in refusing to instruct the jury on the lesser included offenses of assault and battery. The appellant was indicted for armed robbery committed by means of an assault. Clearly under this indictment assault was a lesser included offense. However, in this case there was no proof that any offense other than armed robbery occurred. The appellant did not deny that the robbery as alleged was committed; instead, he simply claimed he was not the culprit. Here the appellant was guilty of armed robbery or no offense at all. Failure to charge assault and battery was not error.

*Whitwell v. State*, 520 S.W.2d 338 (Tenn. 1975).

Next the appellant claims several instances of improper argument by the assistant district attorneys general. We have reviewed the entire argument and are convinced that the error, if any, could not have affected the verdict and was harmless beyond a reasonable doubt.

Affirmed.

DWYER and O'BRIEN, JJ., concur.