**STATE of Tennessee, Appellee,**

v.

**Terry FOUST, James Gillihan and Terry Lee, Appellants.**

**No. 80–87–III.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 4, 1981.

Permission to Appeal as to Gillihan and Lee Denied by Supreme Court Dec. 14, 1981.

Richard B. Polk, Franklin, George J. Duzane, Nashville, Richard A. Buerger, Petersen, Buerger & Yost, Franklin, for appellants.

William M. Leech, Jr., Atty. Gen., Nashville, John C. Zimmermann, Asst. Atty. Gen., Nashville, Elmer Davies, Dist. Atty. Gen., Franklin, for appellee.

## OPINION

DWYER, Judge.

The appellants were convicted for committing the armed robbery of the Taylor Bi-Rite grocery store located in Williamson County and received sentences of fifty years. They were also convicted for concealing stolen property over the value of $100 and sentenced to not less than three nor more than five years. The sentences were to be served concurrently.

The sufficiency of the convicting evidence has been placed in issue. With that in mind the evidence will be narrated in the strongest light in favor of the theory of the State. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

On November 21, 1978, around 7:40 p. m., a Mr. and Mrs. Taylor, owners of the Bi-Rite store located near College Grove in Williamson County, were robbed at gunpoint by two white males. Some $450 was taken in the holdup along with a pack of Viceroy extra long cigarettes.

On his way to the crime scene the sheriff of Williamson County observed a dark colored station wagon occupied by a blonde-headed man parked on the side of the road approximately a quarter of a mile from College Grove. Shortly after the holdup and while the sheriff was still making his

investigation, the appellant Lee entered the store, purchased some matches and left.

Two spectators at the store informed the sheriff that the man who purchased the matches had been seen before the holdup at a service station in Kirkland with a dark-headed man in a white Ford. Lee was described as having blonde hair with a pigtail. Mr. Taylor had informed the sheriff one of the holdup men had blonde hair and the other one had dark hair. When Lee, driving the station wagon, was apprehended, he was carrying Gillihan's identification papers. He was advised of his rights, and taken into custody. Later, he made an oral statement to the sheriff in which he related he was in on the theft of the white Ford from Smyrna shortly before the holdup and knew that an armed robbery was going to take place.

The sheriff, after obtaining arrest warrants, journeyed to Nashville and arrested Foust and Gillihan. A pack of extra long Viceroys was found on a table by Foust's bed. The stolen white Ford was found less than a quarter of a mile from his home.

A lineup was held by the sheriff on his return to Williamson County with Mr. Taylor identifying Foust and Gillihan as the holdup men.

The State's proof further reflected that the white Ford which was occupied by Lee before the holdup and found in the vicinity of Foust's home, had been stolen between 4:00 and 9:00 p. m. in Smyrna on the day of the holdup, and that the blue station wagon Lee was driving when arrested was owned by Gillihan's sister. All three appellants were friends.

None of the appellants testified but offered neighbors, friends and relatives to establish an alibi defense to the holdup which was obviously discredited by the verdict of the jury.

■ Appellant Lee, in challenging the admission of his oral confession, submits that he was never effectively given his rights, and no knowing and voluntary waiver transpired. The admissibility of this statement was not challenged pre-trial. It

is therefore waived. Tenn.R.Crim.P. 12(b)(3), 12(f). Further, the record is devoid of any objection to its admission at trial. See *Ivey v. State*, 598 S.W.2d 806, 807 (Tenn.Cr.App.1979). This issue is overruled.

■ In questioning the sufficiency of the convicting evidence for armed robbery, appellant Lee submits that the prosecution failed to prove he was in a situation in which he might render assistance in some manner to the commission of the crime and failed to establish that he was in Williamson County at the time of the crime. Lee was seen on the highway after the holdup approximately a quarter of a mile from the scene in Williamson County. He confessed to the sheriff that he knew a robbery was going to take place. At the time of his arrest he was carrying appellant Gillihan's identification papers. He had changed cars. From these facts in our opinion any rational trier of fact could have found guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e). This issue is overruled.

■ Foust contends that the sheriff did not advise him of his *Miranda* rights at the time of his arrest. In the absence of any statement of Foust introduced into evidence, this issue has no merit and is overruled.

■ Appellants Foust and Gillihan complain their convictions should be reversed because they were not promptly taken before a magistrate following their arrest in accordance with Tenn.R.Crim.P. 5. In the absence of a pre-trial motion, Tenn.R. Crim.P. 12(b)(1), this issue is waived. Further, appellants cite no reference to the record where any objection was made to this issue. *Woodson v. State*, 579 S.W.2d 893, 895 (Tenn.Cr.App.1978). Lastly, they cite no authority that would require a reversal of their conviction based on this claimed error. This issue is without merit.

■ Foust and Gillihan both complain that the court erred in allowing into evidence the victim's (Mr. Taylor) identifica-

tion of them as the robbers at a pre-trial lineup because counsel was not present. With no pre-trial motion to suppress the lineup, the issue has been waived. Tenn.R. Crim.P. 12(b)(3), 12(f). Additionally, we note that prior to the lineup a waiver of rights form was signed by the appellants and introduced into evidence.

■ Gillihan with reliance on *White v. State*, 497 S.W.2d 751 (Tenn.Cr.App.1973), contends the admission into evidence of Lee's oral statement by the sheriff in which references were made that "he and two other people had gone to Smyrna and had stolen a white '66 Ford", "he and two people proceeded towards College Grove", "he and another person had gone into the Kirkland Service Center", and similar statements clearly show that the oral statement of Lee was not properly redacted. With Mr. Taylor identifying Gillihan as a participant in the robbery, the error was harmless beyond a reasonable doubt. *Schneble v. Florida*, 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972).

■ That does not end the matter. In view of the tenuous evidence on the concealing conviction sans the confession as to Foust, *i.e.*, the stolen Ford was found a quarter of a mile from Foust's home and the only evidence against Gillihan was that a dark-haired man was seen in the stolen car with Lee shortly before the holdup, we cannot say that the improper redacted confession did not influence the jury in convicting both appellants as to the concealing charge. The concealing conviction as to both is accordingly vacated and dismissed.

Each appellant challenges portions of the State's arguments. Foust failed to brief this issue and made no contemporaneous objection to the State's argument. His issues are waived. *Post v. State*, 580 S.W.2d 801, 805 (Tenn.Cr.App.1979).

■ Appellant Gillihan challenges the State arguing, "Show how free thinking and independent you are by letting three armed robbers go back out on the street with you." Our review of the record indicates that this was a proper response to

appellant's argument that the jury should be "free thinking by not rubber stamping a decision of the police."

■ Appellant Lee joins in with Gillihan charging that the State's argument indicated a differentiation for persons who committed crimes in Williamson County but who lived in Davidson County, *e.g.*, "Of course, I would love for you to tell them you won't tolerate armed robbers coming down from Davidson County. That you don't want them." Only after the third such reference was an objection made. This issue has been waived. *State v. Sutton*, 562 S.W.2d 820, 825 (Tenn.1978). Further, we note the trial court's prompt curative instructions after the objection: "Well, in context I think it is all right, but certainly it is not a vindication of the county against some other county's citizens." This issue is overruled.

■ Appellant Lee challenges other portions of the State's closing argument in which no objection was interposed. These issues are waived. This in no way means that we condone the State's argument that "where you are the victim you don't have a right not to testify." However, we do not think this affected the verdict. *State v. Sutton*, 562 S.W.2d 820, 823 (Tenn.1978). It did not affect the results. *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758 (1965).

■ Lastly, Foust avers that the sentence imposed disclosed passion, prejudice and caprice on the part of the jury. His punishment was within the limits proscribed by law; therefore his punishment is not excessive. *State v. Hampton*, 601 S.W.2d 329, 331 (Tenn.Cr.App.1980). This issue is overruled.

The judgment of the trial court is affirmed as to armed robbery. The concealing stolen property conviction is affirmed as to appellant Lee and reversed and dismissed as to appellants Foust and Gillihan.

DAUGHTREY and SCOTT, JJ., concur.