**STATE of Tennessee, Appellee,**

v.

**William A. BRYCE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 7, 1984.

Permission to Appeal Denied by the Supreme Court April 30, 1984.

H. Thomas Parsons, Manchester, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, Jones W. Luna, Asst. Dist. Atty. Gen., Manchester, for appellee.

## OPINION

DWYER, Judge.

The appellant was sentenced to two consecutive five-year prison terms after pleading guilty to two counts of sexual battery, T.C.A. § 39–2–607. Appellant was indicted for aggravated sexual battery but was allowed to plead guilty to simple sexual battery on March 23, 1983. The trial judge entered an order on June 24, 1983, holding that he lacked jurisdiction to grant probation but conditionally ruling that should the appellate court find that he had jurisdiction, he would only suspend the second five-year sentence. Appellant appeals as of right from the denial of probation.

At the hearing on the guilty plea, the State briefly summarized the evidence which would have been presented had the case gone to trial. Sometime during May of 1982, the appellant engaged in a game referred to as "dirty truth and dare" with three children, ages twelve, ten and five. The children lived in his neighborhood, and on this occasion and several others appellant bought them candy, snuff, cigarettes, and chewing tobacco. The game consisted of appellant and the children daring one another to pull down his or her pants and to kiss the buttocks of the other. At one point, appellant brushed his hand across the private parts of the twelve-year-old girl, and during the course of the game he kissed the children's buttocks. The State's proof would also have shown that sometime shortly before this occasion appellant had shown a "dirty movie" to the twelve-year-old girl and the ten-year-old boy.

The State asked the court to suspend both sentences on the condition that appellant would move from the neighborhood and continue his psychological treatment. In deference to the State, the recommendations were made because there was no sexual penetration, and the parents of the victims wished the children to be spared from having to testify.

After colloquy with the appellant as to his rights on entering the guilty pleas, the trial court accepted the pleas and pronounced judgment on both counts. The court then *sua sponte* sent the matter to the probation officer for a pre-sentence report and announced:

"We'll set the matter for an evidentiary hearing on April the 29th, and confinement will be deferred pending further order,"

This order was entered in the minutes of court.

A suspended sentence hearing was held on May 25, 1983. There was testimony by appellant, his wife, and his father. Summed up, the evidence showed that appellant was thirty years of age, married, the father of four children, and had an

extensive history of medical and psychological problems. These problems stemmed from a 1971 automobile accident in which appellant seriously injured nearly all of his digestive organs. The history of these medical problems constitutes some seventy pages in the record on appeal. The appellant acknowledged a prior conviction for the interstate transportation of a stolen vehicle in 1974. He pled guilty to that offense and received a three-year sentence which was probated. Appellant's wife testified that she would help him abide by the terms of his probation. His father related that, in his opinion, if appellant were incarcerated he would die within six months.

■ The threshold issue in this case is whether the trial judge was correct in holding that he was without jurisdiction to rule on probation. The court's reasoning, which is echoed by the State on appeal is that the judgment on the guilty pleas was entered on March 23, 1983, and with no written petition for probation being filed, the judgment became final thirty days later on April 22, 1983. This reasoning is supported by citations to T.C.A. § 40–21–101; Tenn.R. Crim.P. 32(f)(1): *State v. Ricker,* 611 S.W.2d 839, 843 (Tenn.Cr.App.1980); and a number of unpublished opinions by this Court.

In the instant case, it appears from the transcript that the trial court, on its own volition, ordered a pre-sentence report and set the matter for a hearing on April 29, 1983, well beyond the thirty-day finality date. The matter was reset to May 25, 1983, because appellant was hospitalized. The minute entry filed on March 23, 1983, states, "Confinement deferred until further order." The order shows on its face that it was not intended to be final.

Under such circumstances, penalizing the appellant for not filing a written petition for probation would be observing the letter of the law but not the spirit of the law. This we are not willing to do. The appellant's counsel has accepted full blame for failing to file a written petition. We do not condone this oversight, nor do we wish to be understood to say that it is not the commanded practice to file a written petition. Under these specific circumstances, however, where the trial court has *sua sponte* ordered a pre-sentence report and set a date for the probation hearing, the error did not preempt the jurisdiction of the trial court nor of this Court.

The trial judge conditionally ruled in his order entered on June 24, 1983, that should this Court find that he had jurisdiction, he would grant probation on the second five-year sentence but deny probation on the first five-year sentence. This brings us to the second issue, which is whether the trial court abused its discretion in denying probation on the first count conviction.

■ The decision of the trial judge to grant or deny probation may be reversed on appeal only if it is not supported by any substantial evidence. The appellate court is not permitted to substitute its judgment for that of the trial court where evidence exists to support the trial court's decision. *State v. Grear,* 568 S.W.2d 285, 286 (Tenn. 1978). There is ample evidence to support this judgment. Appellant's prior record is a sufficient basis for the denial of probation. *Ivey v. State,* 598 S.W.2d 806, 809 (Tenn.Cr.App.1979). The nature and circumstances of these offenses are also factors which would support the trial court's judgment. *See Powers v. State,* 577 S.W.2d 684, 686 (Tenn.Cr.App.1978). Appellant's act of exerting his adult influence in order to initiate sexual play with children was despicable and should not be tolerated in a civilized society. The trial court obviously felt that while appellant would benefit from probation, society would not. This issue is overruled.

The judgment of the trial court, insofar as it found the court to be without jurisdiction to rule on probation, is reversed. The judgment of the trial court suspending the five-year sentence on the second count conviction and denying probation on the first five-year sentence is affirmed.

TATUM and BYERS, JJ., concur.