# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY, 1998 SESSION



FILED

March 24, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES GILLIHAN  a/k/a<br>    DAVID GILLIHAN** | ) | No. 01C01-9706-CC-00235 |
| | ) | |
| Appellant, | ) | |
| | ) | Franklin County |
| vs. | ) | |
| | ) | Honorable Henry Denmark Bell, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

EUGENE HONEA
Assistant Public Defender
407-C Main St., P.O. Box 68
Franklin, TN 37243-0068

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DARYL J. BRAND
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

**AFFIRMED PURSUANT TO RULE 20**

CURWOOD WITT
JUDGE

**OPINION**

The petitioner, James Gillihan, appeals pursuant to Rule 3 of the Tennessee Rules of Criminal Procedure from the trial court's dismissal of his petition for post-conviction relief. In this appeal, the petitioner contends that the trial court erred in dismissing his petition. We disagree and affirm the action of the trial court.

In 1980, a jury convicted the petitioner of armed robbery and possession of stolen property and sentenced him to serve 50 years on the first conviction and three to five years on the second. This court affirmed his conviction for armed robbery but reversed the conviction on the second count. State v. Foust, 625 S.W.2d 287, 290 (Tenn. Crim. App. 1981).[1] The Tennessee Supreme Court denied his petition to appeal on December 14, 1981. On March 7, 1997, the petitioner filed a petition for post-conviction relief in the Franklin County Circuit Court. The trial court dismissed the petition without a hearing on April 1, 1997 because the petition was barred by the statute of limitations. The public defender's office filed a timely notice of appeal.[2]

The assistant public defender has filed an Anders brief stating that after a conscientious review of the record and law, he has found nothing in the record that might arguably support an appeal.[3] We agree. Pursuant to the law applicable to Gillihan's petition, his right to file for post-conviction relief expired on July 1, 1989. Tenn. Code Ann. § 40-3-102 (1990) (repealed May 10, 1995). Nothing in the record indicates that one of the exceptions in section 40-30-202(b) would apply in this case, and the petitioner has no earlier petition that could be reopened according to subsection (c). Tenn. Code Ann. § 40-30-202(b),(c) (1997).

---

[1] Gillihan, Terry Foust and Terry Lee were convicted in a joint trial, and they filed a joint appeal.

[2] Apparently, the trial court appointed the public defender's office to represent the petitioner in this appeal.

[3] See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).

On this record there is no room for doubt that the trial court was justified in finding that Gillihan's petition was barred by the statute of limitations. Therefore, based upon a thorough reading of the record, the briefs of the parties, and the law governing the issue presented for review, the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
CURWOOD WITT, Judge


_____
GARY R. WADE, Judge


_____
WILLIAM M. BARKER, Judge