**STATE of Tennessee, Appellee,**

v.

**Thomas D. LEE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 6, 1981.

Permission to Appeal Denied by Supreme Court May 11, 1981.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Senior Asst. Atty. Gen., Nashville, Stanley J. Lanzo, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

Jerry H. Summers, Chattanooga, for appellant.

## OPINION

WALKER, Presiding Judge.

The appellant, Thomas D. Lee, was indicted by the Hamilton County grand jury for solicitation to commit murder in the first degree of Joseph Fine. The petit jury found him guilty of that offense and fixed his punishment at not less than three nor more than six years' imprisonment. On the motion for a new trial, the court modified the sentence to not less than three nor more than three years' imprisonment in the county workhouse. Denied a suspended sentence, Lee appeals from his conviction and also that denial.

In the appellant's first issue presented for review, he attacks the sufficiency of the convicting evidence. The state's proof, which the jury accredited, showed that the appellant and Joseph Fine were the sole stockholders in the Tri-State Steel Drum Corporation in Graysville, Georgia. Pursuant to charter provisions, upon the death of a stockholder, the corporation was entitled to purchase the deceased stockholder's shares from his heirs with proceeds from

life insurance policies owned by the corporation. The proof further showed that over the years Joseph Fine became dissatisfied with his association with the appellant and on August 1, 1978, Joseph Fine threatened to place the corporation into involuntary dissolution unless either he or the appellant agreed to purchase the other's share of the stock. Shortly thereafter the appellant offered Raymond Fine, Joseph Fine's brother, $30,000, a new car, and a job with the corporation if he would kill his brother Joseph and make it appear to be an accident. As already indicated, upon Joseph Fine's death the appellant would gain complete control over the corporation.

The state's proof at trial consisted of Joseph Fine's testimony about the internal workings of the corporation and his many disagreements with the appellant, Raymond Fine's testimony about the appellant's attempt to employ him to kill his brother and tape recordings of conversations in Hamilton County between the appellant and Raymond Fine in which the murder proposition was discussed. The tape recordings were made by officers of the Chattanooga police department without the appellant's knowledge but with Raymond Fine's consent and cooperation.

The appellant testified that Raymond Fine first brought up the possibility of Raymond Fine killing his brother and that the appellant merely played along with Raymond Fine to learn his plans and to determine which employees were loyal to the corporation. In addition, the appellant called several witnesses, six of whom testified to appellant's good character and reputation for truthfulness.

■ The issue of credibility of witnesses is for the trier of fact. *Houston v. State,* 593 S.W.2d 267 (Tenn.1980). A guilty verdict approved by the trial judge establishes the credibility of the state's witnesses and resolves all conflicts in the testimony in the state's favor. *State v. Thompson,* 549 S.W.2d 943 (Tenn.1977); *Yearwood v. State,* 2 Tenn.Cr.App. 552, 455 S.W.2d 612 (1970). Here the jury has accredited the witnesses for the state and chosen to disbelieve appellant's explanation of his activities. We find sufficient proof to justify a rational trier of fact in finding appellant's guilt beyond a reasonable doubt. Rule 13(e), Tennessee Rules of Appellate Procedure; *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This issue is without merit.

Next, the appellant contends that the trial judge erred in allowing the tape recordings into evidence in that the proof showed that they had been altered and because they were obtained in violation of his rights under the Fourth Amendment to the United States Constitution, Article I, Sections 7 and 8 of the Tennessee Constitution, the Omnibus Crime Control Act of 1968 (18 U.S.C. 2510 et seq.), T.C.A. 39–4533 and 65–2117, and the common law and constitutional rights to privacy as recognized in Tennessee.

As already indicated, the state introduced several tape recordings of incriminating conversations between appellant and Raymond Fine. Some of the conversations were over the telephone and were recorded by the police by attaching a microphone to the receiver. The other conversations were face to face meetings which were recorded by means of a hidden transmitter in Raymond Fine's clothing. Raymond Fine consented to the recordings and worked in cooperation with the police in the investigation.

■ As for the challenge to the accuracy of the tape recordings, it developed during the course of the trial that in one of the tapes there were a few gaps in the conversation which were not recorded due to the improper operation of the tape recorder. At that point, the appellant objected for the first time to the admission of the recording on the grounds that it had been altered and requested further authentication of the tape. However, the appellant himself testified as to the authenticity of the recording, admitted making the incriminating statements and attempted to portray them in an innocent light, and explained that the gaps in the conversations concerned matters not relevant to the case. By admitting the

authenticity of the recording, any error in regard to authentication was waived. Cf. *McClain v. State*, 1 Tenn.Cr.App. 499, 445 S.W.2d 942 (1969); *Campbell v. State*, 4 Tenn.Cr.App. 100, 469 S.W.2d 506 (1971). Furthermore, so long as a tape recording is properly authenticated, the incompleteness of the tape goes only to its weight and not its admissibility. *Aldridge v. State*, 562 S.W.2d 216 (Tenn.Cr.App.1977). The complaint concerning alteration is without merit.

■ Likewise without merit is appellant's attack upon the method in which the recordings were obtained. There is no state or federal law violation when authorities surreptitiously obtain tape recordings of conversations when one party to the conversation consents to the recording. *Clariday v. State*, 552 S.W.2d 759 (Tenn.Cr.App. 1976); *Stroup v. State*, 552 S.W.2d 418 (Tenn.Cr.App.1977); *Woodson v. State*, 579 S.W.2d 893 (Tenn.Cr.App.1978).

■ The appellant next contends that the trial judge erred in failing to charge lesser included offenses to solicitation. (T.C.A. 39–115 et seq.) The appellant was charged with solicitation to commit a felony, to wit: murder in the first degree. The only possible lesser included offense was solicitation to commit a misdemeanor. Here there was no evidence to support a misdemeanor charge. The appellant was guilty of solicitation to commit a felony or of no offense at all. Denial of the instruction was not error. *Moorman v. State*, 577 S.W.2d 473 (Tenn.Cr.App.1978).

Next, the appellant contends that the trial judge erred in refusing to instruct the jury as to the definitions of first degree murder, second degree murder, assault with intent to commit first degree murder, and assault and battery.

Concerning the offense of solicitation, the trial judge charged basically in accord with T.P.I.—Crim. 3.04. More specifically, he charged the jury that:

"For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt:

(1) the defendant by means of oral, written, or electronic communication, directly or through another, willfully solicited, commanded, requested or hired or attempted to solicit, command, request, or hire another to commit the felony of *murder* (emphasis added); and

(2) the defendant intended that the criminal offense solicited be committed."

However, the trial judge failed to instruct the jury as to the definition of murder or of any other felony under Tennessee law. Whether the act solicited constituted a felony was a question for the jury's determination and is a material element of the offense. Here the jury was told that appellant's solicitation must be of murder, but was not told what constitutes murder. To sanction such an instruction would be to allow a jury to speculate whether the act solicited was a felony under the law of this state. The appellant had a right to a complete charge of the law. *State v. Staggs*, 554 S.W.2d 620 (Tenn.1977).

■ When a defendant is charged with solicitation, the jury should be given an instruction defining the offense alleged to have been solicited so that the jury may determine from the evidence whether or not the designated offense was solicited by the person charged. Cf. *People v. Baskins*, 72 Cal.App.2d 728, 165 P.2d 510 (1946).

■ Here, the appellant was indicted for solicitation to commit murder in the first degree. The jury should have been instructed on the elements of first degree murder. Failure to so charge was error; however, in the context of this case, the error was harmless beyond a reasonable doubt. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The trial judge also erred in his instruction on the range of punishment applicable to solicitation. The trial judge instructed the jury that the punishment in the present case could not be less than three years.

■ In this state one who solicits a criminal act which is in fact completed or at-

tempted is guilty either as an accessory before the fact or as an aider and abettor, depending on his presence, and is punished as though a principal offender. If the criminal act is not completed or attempted, as in this case, the law of solicitation becomes applicable. T.C.A. 39–108, 39–109; Criminal Solicitation: A Statutory Crime in Tennessee, 4 Mem.St.U.L.Rev. 138 (1973). Before 1973, solicitation was merely a common law misdemeanor in Tennessee. *Gervin v. State*, 212 Tenn. 653, 371 S.W.2d 449 (Tenn. 1963).

However, the legislature in 1973 enacted legislation defining the offense of solicitation. Tenn.Pub.Acts., ch. 62 (April 4, 1973), now codified as T.C.A. 39–115 et seq., providing:

"Whoever, by means of oral, written, or electronic communication, directly or through another, willfully solicits, commands, requests, or hires another to commit a criminal offense, or attempts to solicit, command, request, or hire another to commit a criminal offense, with the intent that the criminal offense solicited be committed is guilty of the offense of solicitation."

Clearly the elements of solicitation in Tennessee are: (1) the intent that a criminal offense be committed; and (2) the willful communication of or the attempt to communicate that intent to another in the form of a solicitation, request, command, or hiring. 4 Mem.St.U.L.Rev., supra, at 141.

T.C.A. 39–118(b) provides:

"A person committing the offense of solicitation of a felony shall be guilty of a felony, and shall be punished as if he had committed *an attempt* or an assault with intent to commit the most serious felony which was solicited, *or any lesser included felony in the discretion of the jury.* (emphasis supplied).

This statute authorizes a much more severe punishment than the common law.

The felony solicited was murder in the first degree. In his instructions on punishment, the trial judge correctly charged the jury on the punishment for assault with intent to commit murder in the first degree.

T.C.A. 39–604. The emphasized portions of the statute fixing punishment for this solicitation, however, (1) provide also for the penalty of an attempt to commit the most serious felony solicited, that being first degree murder punishable under T.C.A. 39–603; and (2) further provide for the penalty of any lesser included felony of the most serious felony solicited. An attempt to commit a felony is a lesser included offense of the most serious crime solicited and likewise is punishable under T.C.A. 39–603.

■ T.C.A. 39–603 authorizes a minimum punishment of one year's imprisonment. When the minimum is one year, T.C.A. 40–2703 provides that the jury may punish by confinement in the county jail or workhouse for any period less than 12 months. The appellant was entitled to have the jury given this range of punishment in addition to that given.

Although the appellant's counsel made no special request and apparently agreed with the court's understanding that the limits of T.C.A. 39–604 controlled the punishment, we think that the jury in this case must be instructed on the minimum authorized by T.C.A. 39–118(b). The error to so charge cannot be deemed harmless in light of the fact that the jury, returning its verdict, informed the trial judge that it wished to impose the minimum sentence allowable. For this reason, the case must be reversed and remanded for a new trial as to punishment only.

■ The appellant's complaint that the trial judge erred in denying him probation is without merit. The trial judge based the denial solely on the seriousness of the offense. We agree with the trial judge's action on the matter. Employing someone to commit murder is the type of offense which in and of itself justifies denial of a suspended sentence. Cf. *Powers v. State*, 577 S.W.2d 684 (Tenn.Cr.App.1978).

Reversed and remanded for new trial as to punishment.

DAUGHTREY and CORNELIUS, JJ., concur.