**STATE of Tennessee, Plaintiff-Appellee,**

v.

**John ONIDAS, Defendant-Appellant.**

Supreme Court of Tennessee,
at Jackson.

July 6, 1982.

Walker Gwinn, Memphis, for defendant-appellant.

Jennifer Small, Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

The defendant was convicted of robbery and sentenced to serve a term in the penitentiary of not less than five years nor more than five years. His conviction was affirmed by the Court of Criminal Appeals and we granted review to consider the question whether or not the trial court committed reversible error in permitting the prosecutor, over objection of the defendant, to state to prospective jurors that a judge of the city court and the grand jury had already determined that there was probable cause to believe that the crime charged had been committed and that the defendant had committed it.

The following excerpt from the transcript presents the issue, to wit:

"Mr. Axley (Assistant District Attorney General): As an example, when a person is arrested, he's taken before a City Court Judge to determine probable cause. Probable cause is made up of, is there probable cause to believe that a crime was committed, and second, is there probable cause to believe that the defendant in front of him is guilty of committing that crime, nothing more. And if the City Court Judge believes there is probable cause, he's bound to the action of of the Grand Jury. Now, the Grand Jury may determine probable cause to indict— (interrupted).

"Mr. Jones (Defense Counsel): Your Honor, I object. This shouldn't be part of the voir dire.

"Mr. Axley: It's the law, Your Honor, I'm voir diring according to the law.

"The Court: Well, I'll just let him go ahead. Objection overruled.

"Mr. Axley: The Grand Jury determines whether or not there's probable cause to indict. Number one, is there probable cause to believe a crime was committed; number two, is there probable cause to believe the defendant committed the crime, at which time, if he's indicted, he's brought before you and this is where it changes. You must decide whether or not a crime was committed, and secondly, did he commit the crime, not just probably, but beyond a reasonable doubt and to a moral certainty. You're the final say so. Now, do each of you understand the

judicial process, how he got before you? Any questions? Okay."

It was stipulated by the State and by the defendant, as reflected in an order entered in this cause by the Court of Criminal Appeals,

"... that the record of the voir dire examination in this case would reflect that all petit jurors who sat in the cause were present during that portion of the voir dire examination in question on appeal. However, it is further stipulated by counsel that the record of the voir dire examination would not reflect whether all the petit jurors who sat in the cause actually heard the portion of the voir dire examination in question on appeal."

We have no hesitation in concluding that the quoted statement by the Assistant District Attorney General and the action of the trial court in approving the same by overruling the objection timely made by defendant's counsel was highly improper and constituted error. As Chief Justice Harbison, then serving as a Special Justice of this Court, said in *Montesi v. State*, 220 Tenn. 354, 417 S.W.2d 554, 560 (1967):

"It is well settled in this State that an accused himself on trial may not be asked about pending indictments against him on cross-examination. *Brooks v. State*, 187 Tenn. 67, 77, 213 S.W.2d 7, 11 (1948); *Sissom v. State*, 210 Tenn. 556, 360 S.W.2d 227 (1962). The reason stated in these opinions are applicable here; that is, that an indictment at best is a mere accusation, and raises no presumption of guilt. It is purely hearsay, being merely the conclusion or the opinion of a body of men based on ex parte evidence. By the same token, the returning of a no true bill by a group of grand jurors at best simply constitutes the conclusions of that particular body based upon such evidence as may happen to have been presented to it."

In the case at bar, the prospective jurors were not told that grand jury proceedings are ex parte, that the defendant has no opportunity to testify or to present evidence to that body; neither were they told that

preliminary examination hearings before a committee magistrate such as the city court judge are often cursory in nature at which the defendant, upon advice of counsel, for strategy reasons often does not participate or offer evidence.

Defendant's counsel argues forcefully in this Court that the natural and probable effect of the misleading statements of the Assistant District Attorney were to effectively deprive the defendant of the benefit of the presumption of innocence to which he was entitled at the beginning of his trial and throughout the proceedings until the jury's verdict was reported. The prosecutor's statements to the prospective jurors were misleading and were calculated to create bias in the minds of the jurors against the defendant's cause.

In *Smith v. State*, 205 Tenn. 502, 524–524, 327 S.W.2d 308, 318 (1959), *cert. denied* 361 U.S. 930, 80 S.Ct. 372, 4 L.Ed.2d 354 (1960), this Court made the following observation which we approve:

"A voir dire examination is for the purpose of advising counsel of the juror's qualification, interest, or bias, as a matter of fact, presupposing his statutory competence, that is, age, residency, etc. The subjacent purpose is to enable the exercise of one's peremptory challenges. [Citation omitted.] In this process it has been held, and it seems to us fairly so, that proper fields of inquiry include the juror's occupation, habits, acquaintanceships, associations and other factors, including his experiences, which will indicate his freedom from bias. [Citations omitted.]"

It is a perversion of the voir dire examination for counsel for either party to attempt to create bias and prejudice in the minds of the jurors.

The question remains whether or not the error is one which properly requires a reversal of the conviction. We conclude that it is. Rule 36(b), Tennessee Rules of Appellate Procedure, provides:

"Effect of Error.—A final judgment from which relief is available and other-

wise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment *or would result in prejudice to the judicial process.*" (Emphasis added.)

In a comment accompanying this rule, the Advisory Commission states, in part:

"This rule also differs from existing law insofar as it requires reversal of a judgment when affirmance would be prejudicial to the judicial process. Although this concept cannot be fully defined, it certainly would include situations in which, for example, an accused was denied the effective assistance of counsel, or the decisionmaker was obviously biased, or there was improper discrimination in jury selection."

Without determining whether or not the error in question "more probably than not affected the judgment" we are satisfied that it did result in prejudice to the judicial process, thereby requiring a reversal of the judgment. In our opinion, the error was calculated to prejudice the decision maker against the defendant. *See, Sparks v. State*, Tenn.Cr.App., 563 S.W.2d 564 (1978).

The judgment of the Court of Criminal Appeals and that of the trial court are reversed and this cause is remanded to the trial court for a new trial. Costs are assessed against the State.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.