STATE of Tennessee, Appellee,

v.

**Raymond BOYKINS, Appellant.**

Court of Criminal Appeals of Tennessee, At Jackson.

Aug. 11, 1983.

William M. Leech, Jr., Atty. Gen. & Reporter, Raymond S. Leathers, Asst. Atty. Gen., Nashville, John W. Overton, Jr., Phyllis B. Gardner, Asst. Dist. Attys. Gen., Memphis, for appellee.

F. Glen Sisson, Memphis, for appellant.

## OPINION

O'BRIEN, Judge.

This case comes from the Criminal Court for Shelby County. Three indictments were returned against the defendant, each charging him with extortion. (T.C.A. § 39–2–701). Defendant was acquitted on two of the indictments. On the third he was convicted and sentenced to serve not less than nor more than two (2) years in the penitentiary.

In the only issue presented for review it is contended the prosecuting attorney, in the presence of the entire jury panel, stated that the grand jury had already determined a crime had been committed by this defendant.

Defendant relies on the decision in *State v. Onidas,* 635 S.W.2d 516 (Tenn.1982) to sustain his position that the comments by the Assistant District Attorney General in this case require reversal. We conclude that his reliance on *Onidas* is misplaced. In that case the State's counsel was allowed by the court to specifically tell the jury when a person is arrested he is taken before a City Court Judge to determine if there is probable cause that he is guilty of committing a crime before he is bound over to the action of the grand jury; that the grand jury had to determine a defendant was guilty of probable cause of committing a crime before he was indicted. The prospective jurors were not told that preliminary examination hearings before a committing magistrate such as the city court judge are often cursory in nature at which the defendant may or may not participate, or offer evidence. They were not told the grand jury proceedings are ex parte, and that a defendant has no opportunity to testify or to present evidence to that body.

In the instant case defense counsel initiated the dialogue concerning the preliminary proceedings by stating to the jury panel:

"Now the way a criminal case gets here is usually there's a complaint filed by someone, either by a law enforcement agency or by a private citizen. The lawsuit then starts there. It goes through a preliminary process, comes to the grand jury and a grand jury hears this case what's called ex parte, which means one side. In other words, the grand jury who returned these indictments only heard one side of this case. They only heard the State's side. The State runs their witnesses in, and the Defendant (sic) does not have a right to be there, nor does his lawyer.

So I think Ms. Gardner has covered this. But this—I want you to understand that this document, which will be read to you, is a charging instrument charging Mr. Boykins with the crime of extortion. This is signed by Mr. Felts (sic) who is the chairman of the grand jury—foreman of the grand jury. Do you understand this is not proof of any kind? This is merely a document that brings this case before you. And what I've never understood is, that you who sit on a petit jury, which you are, who ultimately decide a case—petit means little and grand means big. And I think you're the grand jury. You're deciding the whole case. I don't know why they call you the petit jury because you're not. To me, you're the big jury. You have the ultimate decision. You have a decision that the President of the United States cannot make. You have a very awesome amount of power. The Judge makes very few decisions in this case."

In her response the Assistant District Attorney, in turn, took up the subject of the grand jury, probable cause, and the indictments. Her entire statement in this regard was as follows:

"All right. Do you understand that there are three separate cases we're talking about here? There are three separate ladies that we're going to bring in who are victims in the—there are three separate indictments. The indictments are not proof. They're merely a charging paper. By 'charging' I mean they charge the Defendant with these crimes.

Now, Mr. Sisson mentioned something a minute ago about the grand jury and the petit jury and he was saying these people are the petit jury. You understand that

the grand jury meets and that they find probable cause. If they find probable cause that a crime has been committed and that the Defendant has done it. In Raymond Boykins' case, they found probable—"

She was interrupted by defense counsel's objection. No further comment was made by either counsel on the matter. In the trial court's instructions to the jury he informed them that "the indictment in this case is a formal written accusation charging the defendant with a crime. It is not evidence against the defendant and does not create any inference of guilty". The jury was also instructed to allow nothing but the law and the evidence to influence them in reaching a verdict. Based wholly on the facts of this case, in contrast to the circumstances in *Onidas,* we do not find that the remarks in question, "more probably than not affected the judgment", or that they resulted in prejudice to the judicial process. T.R.A.P. Rule 36(b). This case was tried several months before the Supreme Court decision in *Onidas* came down. The *Onidas* opinion included this strong admonishment:

"In *Smith v. State,* 205 Tenn. 502, 524–524, (sic) 327 S.W.2d 308, 318 (1959), *cert. denied* 361 U.S. 930, 80 S.Ct. 372, 4 L.Ed.2d 354 (1960), this Court made the following observation which we approve:

'A voir dire examination is for the purpose of advising counsel of the juror's qualification, interest, or bias, as a matter of fact, presupposing his statutory competence, that is, age, residency, etc. The subjacent purpose is to enable the exercise of one's peremptory challenges. [Citation omitted]. In this process it has been held, and it seems to us fairly. so, that proper fields of inquiry include the juror's occupation, habits, acquaintanceships, associations and other factors, including his experiences, which will indicate his freedom from bias. [Citations omitted].'

It is a perversion of the voir dire examination for counsel for either party to attempt to create bias and prejudice in the minds of the jurors."

We trust that counsel will heed this admonition and refrain from endeavoring to enlighten jurors with their knowledge of the law. Explanation of the law is the judge's responsibility and is far better left alone by counsel in their statements to the jury.

The judgment of the trial court is affirmed.

DUNCAN and SCOTT, JJ., concur.