**STATE of Tennessee, Appellee,**

v.

**Jimmy MORRIS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 6, 1983.

Permission to Appeal Denied by Supreme Court March 12, 1984.

William M. Leech, Jr., Atty. Gen., Raymond S. Leathers, Asst. Atty. Gen., Nashville, Jim Horner, Lyman Ingram, Asst. Dist. Attys. Gen., Dyersburg, for appellee.

Charles S. Kelly, Dyersburg, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant and two others, charged as co-conspirators, were indicted in the Criminal Court for Dyer County on five separate violations of the Tennessee Drug Control Act. John Forrest entered guilty pleas and was dealt with individually. The cases against Peggy Nolan were severed from this defendant's trial and were disposed of otherwise. This defendant was found guilty of conspiracy to sell cocaine and methaqualone and of possession of methaqualone with intent to sell. In each case he was sentenced to serve not less than four (4) years nor more than seven (7) years and fined the sum of Five Thousand Dollars ($5,000).

Defendant makes a multi-issue attack on the sufficiency of the evidence to sustain his conviction, questioning first if the State carried its burden of proving a conspiracy since it failed to prove an overt act to effect the sale of the drugs in question.

A criminal conspiracy consists of a combination between two or more persons for the purpose of accomplishing a criminal or unlawful act. *Smith v. State*, 327 S.W.2d 308, 205 Tenn. 502 (1959).

The evidence accredited by the jury clearly shows that the defendant was a willing and active participant in a plan to sell cocaine and methaqualone, and that he possessed methaqualone with the intent to sell. Both he and his co-defendant, John Forrest, informed an undercover agent that they were engaged in the business of selling those drugs. Defendant procured a quantity of quaalude tablets, containing methaqualone, by utilizing prescriptions written by Forrest, who was a medical doctor, for sale to the undercover agent.

This evidence established both the conspiracy and the possession with intent to sell.

The evidence was abundantly sufficient to allow a rational trier of fact to find defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Once a defendant has been found guilty at trial, upon judicial review, all of the evidence is to be considered in the light most favorable to the prosecution. Tennessee Appellate Procedure Rule 13(e) requires that findings of guilt in criminal actions shall be set aside only if the evidence is insufficient to support the findings of guilt by the trier of fact beyond a reasonable doubt. Defendant's insistence that the State did not carry its burden of proving a conspiracy, or possession with intent to sell, must be rejected. He was not entitled to an acquittal at the conclusion of the State's proof.

Defendant insists he was the victim of entrapment by the police undercover agent. Entrapment occurs when law enforcement officials, acting either directly or through an agent, induce or persuade an otherwise unwilling person to commit an unlawful act; however, where a person is predisposed to commit an offense, the fact that the law enforcement officials or their agents merely afford an opportunity to do so does not constitute entrapment. See *State v. Jones*, 598 S.W.2d 209 (Tenn.1980). While there are exceptions noted in the *Jones* opinion, specifically relating to outrageous police behavior in the light of surrounding circumstances, we think that on

the evidence heretofore summarized the jury was justified in their verdict. The defendant was a willing, eager, even avid participant in the activities with his co-defendants to procure and sell illicit drugs.

It is next insisted defendant could not be guilty of conspiracy since Dr. John Forrest pled guilty to violation of another distinct act of conspiracy inapplicable to this case, leaving defendant the only alleged conspirator.

■ Defendants were indicted under the provisions of T.C.A. § 52–1432, now codified as T.C.A. § 39–6–417, for conspiracy to violate the drug laws. Dr. John Forrest pled guilty to violation of T.C.A. § 39–1105, which deals with an unrelated form of conspiracy. Defendant relies on the case of *Delaney v. State*, 51 S.W.2d 485, 164 Tenn. 432 (1932), which in substance holds that where all other co-conspirators are acquitted of the conspiracy the conviction of one on that charge cannot be upheld. We do not find this case to be applicable. Dr. Forrest's guilty plea submission did not amount to an acquittal. Defendant also overlooks the complicity of Peggy Nolan, who was also indicted, and whom the evidence shows was an active and willing participant in the conspiracy. In *Cline v. State*, 319 S.W.2d 227, 204 Tenn. 251 (1958), our Supreme Court adopted the rule that any one of three persons indicted for conspiracy may be convicted notwithstanding the death of the second and the acquittal of the third. Upon the same principle one of two conspirators may be convicted, although his co-conspirator has secured immunity from prosecution by becoming a witness for the prosecution. In this case, Dr. Forrest's submission of a guilty plea did not amount to an acquittal. The fact that Nolan had not yet been brought to trial did not change her status as a co-conspirator. The evidence supported the charge of conspiracy.

■ The complaints in relation to the admission of tape recordings of conversations between the defendants and a police undercover agent must also be dismissed. There is no State or Federal law violation when authorities surreptitiously obtain tape recordings of a conversation when one party to the conversation consents to the recording. *State v. Lee*, 618 S.W.2d 320, (Tenn.Cr.App.1981). Defendant complains the undercover agent was allowed to narrate the tape recordings introduced into evidence. He has failed to show how he was prejudiced by this procedure. The quality of the tape was poor. The manner in which it was presented was done for the clarification of the jurors. The quality of the tape, or rather the lack of quality and clarity of the recording affected the weight to be given it as evidence and not its admissibility. *Aldridge v. State*, 562 S.W.2d 216, (Tenn.Cr.App.1977). There was no abuse of discretion on the part of the trial court in admitting the contents of the tape verbatim, including the specific language of the parties. Defendant has failed to demonstrate how he was prejudiced by this procedure.

We do not find reversible error in the trial court proceedings and affirm the judgment below.

DAUGHTREY and CORNELIUS, JJ, concur.