STATE of Tennessee, Appellee,

v.

**Murfin ELDRIDGE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 9, 1988.

Permission to Appeal Denied by Supreme Court May 9, 1988.

Paul D. Welker, Riley C. Darnell, Clarksville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Miriam Nabors Banks, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as a matter of right by Murfin Eldridge from his conviction for selling a Schedule II controlled substance, phenmetrazine, in violation of T.C.A. § 39-6-417. Appellant received a sentence of four years imprisonment and a fine of $5,000. Appellant presents two issues for review, both dealing with the State's use of an informant in this case.

> ISSUE I. Whether the trial court erred in overruling defendant's motions to suppress introduction into evidence of a taped telephone conversation and evidence obtained as a result thereof on the ground the informant's consent was not voluntary.

The appellant contends that a recorded telephone conversation between an informant and the appellant should be suppressed because the informant's consent was alleged to be influenced by promises of leniency. Therefore, appellant argues the informant's consent was not voluntary.[1] The State avers that the informant's participation was clearly voluntary, and represented no abridgement of appellant's rights.

We cannot agree with appellant's convoluted reasoning. First, the proof adduced at trial supports the State's position. When authorities obtain tape recordings of a conversation when one party, as in the instant case, consented to the recording, there can be no violation of state or federal law. *State v. Morris*, 666 S.W.2d 471, 473 (Tenn.Crim.App.1983); *State v. Lee*, 618 S.W.2d 320, 322–323 (Tenn.Crim.App.1981). *Arguendo*, assuming the informant did expect to benefit from his participation and consent, this did not remove his voluntariness. *United States v. Kolodziej*, 706 F.2d 590, 593 (5th Cir.1983); *Cooper v. United States*, 594 F.2d 12, 14 (4th Cir.1979).

In any event, appellant has waived this issue for failure to provide this Court with the transcript of the suppression hearing. T.R.A.P. 24(b); Tenn.R.Crim.P. 12(g); *see State v. Griffith*, 649 S.W.2d 9 (Tenn. Crim.App.1982). Therefore, we must presume the ruling of the trial court was correct. *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn.Crim.App.1983); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn.Crim.App.1983); *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim.App.1981). Furthermore, a defendant waives any right to contest the admissibility of evidence where a written motion to suppress was not filed and heard in proceedings prior to the day of trial. Tenn.R. Crim.P. 12(b)(3)(f); *State v. Kinner*, 701 S.W.2d 224, 227 (Tenn.Crim.App.1985); *State v. Randolph*, 692 S.W.2d 37, 40 (Tenn.Crim.App.1985); *State v. Foote*, 631 S.W.2d 470, 472, 473 (Tenn.Crim.App.1982).

The issue, therefore, is overruled.

> ISSUE II. Whether the trial court erred in denying the defendant's request to charge the jury, and the defendant to argue, the missing witness rule.

The appellant claims that the trial judge erred when he refused to instruct the jury on the inference arising from the failure of a party to call a favorable, available wit-

---

1. The informant did not testify; yet, police officials testified as to the informant's participation.

The record reveals that the informant was available to testify.

ness. The appellant contends that the State's informant was such a witness.

The missing witness inference is well established. The United States Supreme Court recognized the common law rule in *Graves v. United States*, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893). While the *Graves* court spoke of the missing witness rule in terms of creating a "presumption", the rule is now generally characterized as authorizing a permissive inference. *State v. Jones*, 598 S.W.2d 209, 224 (Tenn.1980); *State v. Sanderson*, 550 S.W.2d 236, 238 (Tenn.1977); *National Life and Accident Ins. Co. v. Eddings*, 188 Tenn. 512, 518, 221 S.W.2d 695 (1949).

 In essence, when it can be said with reasonable assurance that it would have been rational for a party to have called the absent witness but for some apprehension about his testimony, an inference may be drawn by the jury that the testimony would have been unfavorable. *State v. Francis*, 669 S.W.2d 85, 88–89 (Tenn.1984) citing *Burgess v. United States*, 440 F.2d 226, 237 (D.C.Cir.1970).

Our Supreme Court has held that a party may comment about an absent witness when the evidence shows that:

1) the witness had knowledge of material facts;
2) that a relationship exists between the witness and the party that would naturally incline the witness to favor the party; and
3) that the missing witness was available to the process of the court for trial.

*Delk v. State*, 590 S.W.2d 435, 440 (Tenn. 1979). The requirements set forth in *Delk* are to be strictly construed. *State v. Francis, supra*, at 89.

 In order to justify a missing witness instruction, the evidence must show that one of the parties has peculiarly available to him a witness with peculiar knowledge of the material facts at issue, and that the party having such witness failed to call the witness or give reasonable explanation for failure to do so. In such event, the other party may be entitled to have the court instruct the jury that they may infer that had the witness been called he would have given evidence detrimental to the party having such witness available. *State v. Wilson*, 687 S.W.2d 720 (Tenn.Crim.App. 1984).

 In the case *sub judice*, the record reveals that the witness in question was available to either party, and the trial court so ruled. The appellant cannot now expect to profit, under the missing witness inference, from his own determination not to call the informant as a witness. *See State v. Wilson, supra*. Furthermore, we are of the opinion that the appellant has not adequately demonstrated the strict requirements enunciated in *Delk*.

The issue, therefore, is without merit.

Accordingly, the judgment of the trial court is affirmed.

BYERS and SCOTT, JJ., concur.