# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## AUGUST 1997 SESSION

FILED

September 19, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,            )
                              )       NO. 01C01-9609-CC-00409
    Appellee,              )
                              )       FRANKLIN COUNTY
VS.                           )
                              )       Hon. Thomas W. Graham, Judge
FREDDIE SIMMONS,              )
                              )       (Casual Exchange, Schedule II)
    Appellant.             )

FOR THE APPELLANT:

PHILIP A. CONDRA
District Public Defender
12th Judicial District
204 Betsy Pack Drive
P. O. Box 220
Jasper, TN 37347

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

JAMES MICHAEL TAYLOR
District Attorney General

WILLIAM COPELAND
Assistant District Attorney General
Franklin County Courthouse
Winchester, TN 37398

OPINION FILED: _____


AFFIRMED AS MODIFIED



JOE G. RILEY,
JUDGE

## OPINION

The defendant, Freddie Simmons, was originally indicted for sale or delivery of a Schedule II controlled substance, crack cocaine. He was convicted by a Franklin County jury of casual exchange of a Schedule II substance, a Class A misdemeanor. The jury assessed a $2,500 fine. At sentencing, defendant was found to be a Range I Standard Offender and sentenced to six (6) months in the Franklin County jail to be served "day for day," to run consecutively to a prior escape sentence. On appeal, he presents the following issues: (1) that he was denied a fair trial by improper trial court comments in the presence of the jury, and comments that showed bias toward the state outside the hearing of the jury; (2) that the trial court erred in refusing to charge the jury on an absent material witness; and (3) that the sentence imposed was improper. We affirm the conviction but modify the sentence.

## FACTS

Although sufficiency of the evidence is not at issue, a brief recitation of the facts is appropriate. The state's proof at trial showed that on July 27, 1992, State Trooper Guinn Hall was working an undercover narcotics operation in Franklin County. At approximately 6:40 p.m., while accompanied by a confidential informant and being monitored by a surveillance team through the use of a body wire, Trooper Hall approached defendant in a Franklin County park. He paid defendant $40 for a bag containing some pieces of what appeared to be crack cocaine.

Tildon Stubblefield, an investigator for the Tullahoma Police Department, did not witness any of the transaction between Trooper Hall and defendant but testified he monitored Trooper Hall's voice as Hall attempted to make the crack cocaine buy.

The TBI lab technician, Randall Nelson, identified the "rock" in the plastic bag as that which Trooper Hall had brought to the lab on July 28, 1992. The substance proved to contain cocaine base.

## TRIAL COURT COMMENTS

Defendant contends that he was denied a fair trial due to improper trial court comments both within and without the hearing of the jury. Defendant complains that those comments made in the presence of the jury during *voir dire* and closing argument removed the presumption of innocence and, combined with comments made outside the hearing of the jury, show that the trial court was biased toward the state.

### A.

During voir dire while questioning a juror on the presumption of innocence, Philip Condra, defense counsel, elicited the following remark by the juror:

> I don't think any of us would be here, or he would be here if there weren't some evidence of being guilty.

Upon Mr. Condra's motion to strike the juror for cause, the trial court responded:

> Well, I'm not sure that what she's saying isn't correct. That obviously we wouldn't be here if there wasn't something. I mean obviously, we don't just come to court.

Upon Mr. Condra's request, a bench conference followed wherein Mr. Condra objected to both the comments of the juror and the court. The court responded by addressing the jury directly:

> All right, ladies and gentlemen, let me clear up something if there's any confusion to this at all. My response to you that there, obviously, had to be something or we wouldn't be having a trial, merely states a truism. You know you get here because a grand jury decides that there is a reason for a trial. It has not asked whether somebody is guilty or innocent, and it's [*sic*] indictment, which is the issue that's drawn for you, is not any proof whatsoever of guilt. It is only a finding that there should be a trial, that it wouldn't be unwarranted to have a trial, and to that extent that's the only basis that this Court has made any statements at all to you, because in response to the juror's question that there must be some reason we're here. Obviously, there's some reason we're here or we wouldn't be here, but it's not something that amounts to a presumption of guilt in

3

any fashion whatsoever. You're going to decide that question. That's why we have you in here. And you're going to decide it by a very high standard, beyond a reasonable doubt. So I think that's enough said on that issue.

These comments concerning the grand jury process do not rise to the level condemned in State v. Onidas, 635 S.W.2d 516 (Tenn. 1982). There was no attempt to bias or prejudice the jury, nor is there any indication of bias in the context of this exchange. Although trial courts should be very cautious in referring to grand jury proceedings, these comments did not prejudice the defendant.

**B.**

The questioning of the juror continued, and Mr. Condra asked if she would require the defendant to offer any proof. The Court intervened by saying, "[t]here is no way for her to answer that question as you've asked it." A bench conference ensued, during which defense counsel noted the juror's inability to answer and its implication that the presumption of innocence had been unfairly removed. The trial court then responded:

> If I was -- I'm going to require you to put on proof if the presumption has been removed by the proof presented by the state. You don't have to, but I'm going to require . . .
>
> . . . .
>
> . . . If you want me to find the person not guilty, I -- that's what defense proof is all about, to reduce something that's been raised by the State.

This remark was made outside the hearing of the jury and could not have influenced the jury's verdict. Ultimately, the juror was dismissed by peremptory challenge. As to the question of bias, this Court interprets the trial court's remarks as illustrative only. The use of the first person "I" notwithstanding, it appears from the transcript of the proceedings that the court was simply pointing out that if the state proved its case of guilt beyond a reasonable doubt, then a conviction would be appropriate absent some kind of countervailing evidence. We find that this language does not show bias.

4

## C.

The final comment attacked by defendant occurred during closing argument. As Mr. Condra embarked upon argument regarding the "missing witness charge," the state objected and the court responded:

> It [the charge] hasn't been discussed. If you want to discuss that matter, we need to do that at some point outside the jury's presence to consider whether you want to go forward with that argument. There is some question in the Court's mind. I'd want to hear from both of you on that issue.

Upon review of these and other comments of the trial court, we find that defendant was not deprived of a fair trial by the trial court's comments.

## THE ABSENT MATERIAL ("MISSING") WITNESS CHARGE

Next, the defendant challenges the trial court's refusal to charge the jury on an absent material witness. More specifically, he claims that the confidential informant had knowledge of material facts from the night in question, but the state did not call the informant as a witness in its case-in-chief. Therefore, he alleges that the essential requirements for the missing witness instruction were established, and the trial court erred in refusing the charge.

Both defendant and the state rely on Delk v. State, 590 S.W.2d 435 (Tenn. 1979), and State v. Francis, 669 S.W.2d 85 (Tenn. 1984). This Court in State v. Eldridge, 749 S.W.2d 756, 758 (Tenn. Crim. App. 1988), stated:

> Our Supreme Court has held that a party may comment about an absent witness when the evidence shows that:
>
> (1) the witness had knowledge of material facts;
> (2) that a relationship exists between the witness and the party that would naturally incline the witness to favor the party; and
> (3) that the missing witness was available to the process of the court for trial.
>
> Delk v. State, 590 S.W.2d 435, 440 (Tenn. 1979). The requirements set forth in Delk are to be strictly construed. State v. Francis, *supra* at 89.
>
> In order to justify a missing witness instruction, the evidence must show that one of the parties had *peculiarly available to him a witness with peculiar knowledge of the material facts at issue.*

5

(emphasis added); *see also* State v. Boyd, 867 S.W.2d 330, 337 (Tenn. Crim. App. 1992).

The proof at trial showed that Trooper Hall was the person who actually purchased the cocaine from defendant. His testimony was undisputed. The informant was only a witness to the transaction. There is no proof that the informant would have had any "peculiar knowledge of the material facts at issue," but rather it appears his testimony would have been cumulative. The trial court concluded, based on all the proof at trial, that the informant was known to both the state and defendant. The evidence does not preponderate against this finding. Therefore, we find that the informant did not have "peculiar knowledge" and was not "peculiarly available" to the state.

Furthermore, the identity of the defendant was clearly established at trial. The defendant was allowed to argue to the jury the state's failure to call the informant as a witness, yet the jury obviously believed Trooper Hall. Given the facts presented by the record before us, we find no prejudicial error in the refusal to give the missing witness jury instruction.

## SENTENCING

In his final assignment of error, the defendant complains that the trial court erred in requiring the six-month sentence to be served "day for day" and consecutively to his escape sentence.

### A.

The trial court ordered that defendant serve 100% of this misdemeanor sentence. The misdemeanor sentencing statute provides for a maximum of 75% service. Tenn. Code Ann. §40-35-302(d). Our Supreme Court has held that 100% service may be ordered in DUI cases only. State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995); *see also* State v. Beech, 744 S.W.2d 585 (Tenn. Crim. App. 1987).

6

Therefore, the trial court erred in ordering the defendant to serve more than 75% of the misdemeanor sentence.

**B.**

Finally, defendant contends that the trial court erred in ordering this sentence to be served consecutively to his prior sentence for felony escape. In sentencing defendant the trial court noted defendant's extensive prior record. It further appears in our *de novo* review that consecutive sentencing reasonably relates to the severity of the offenses and is necessary to protect the public from further criminal conduct by the defendant. See State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995). Even though the felony escape was actually committed after the instant offense, we find no impropriety in consecutive sentencing since his parole on the felony escape had already been revoked prior to the sentencing on the instant offense.

**CONCLUSION**

We find that defendant was afforded a fair trial and that consecutive sentencing was justified; accordingly, we affirm the trial court judgment in these respects. However, we find that the percentage of the sentence must be reformed to 75% as set out by statute.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**J. CURWOOD WITT, JUDGE**

_____
**JOE H. WALKER, III, SPECIAL JUDGE**

7