# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION



FILED

**July 24, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 02C01-9707-CR-00255** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. BERNIE WEINMAN,** |
| **IRA BARBER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Aggravated Robbery) |


**FOR THE APPELLANT:**

**BRETT B. STEIN**
236 Adams Avenue
Memphis, TN 38103-1922

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**PAUL THOMAS HOOVER, JR.**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Ira Barber, was convicted by a Shelby County jury of two (2) counts of aggravated robbery. He was sentenced to concurrent terms of ten (10) years for each count. On appeal, he claims that (1) the trial court erred in allowing the prosecutor to read the indictment to the jury prior to the state presenting its proof, and (2) the jury instruction on reasonable doubt was unconstitutional. After a review of the record before this Court, we find no error. Accordingly, the judgment of the trial court is affirmed.

## FACTS

Although the sufficiency of the convicting evidence is not at issue, a brief recitation of the facts is appropriate. Shortly after midnight on October 1, 1996, Carolyn Turley and Emma Thomas left their place of employment and began driving home. Because Turley received a page on her "beeper," they stopped at a convenience store so that Turley could use the pay phone. Thomas exited the vehicle and placed the call while Turley sat in the car. Turley then got out of the car, and while she was on the phone, both victims noticed a man walking down the street.

The man continued walking around a corner and suddenly appeared from the side of the building, pointed his gun at them and told Turley to "drop the keys off" or he would kill both of them. He also demanded money. The man took Turley's keys and her "beeper," and left in the vehicle. The purses of both victims were in the vehicle. The victims subsequently identified the man as the defendant.

Defendant was convicted of two (2) counts of aggravated robbery. He now brings this appeal as of right.

## READING THE INDICTMENT

In his first issue, defendant contends that the trial court erred in allowing the prosecutor to read the indictment to the jury. He claims that informing the jury that a grand jury returned an indictment against the defendant deprives him of his constitutional right to the presumption of innocence. *See* State v. Onidas, 635 S.W.2d 516 (Tenn. 1982). He further alleges that the indictment itself is irrelevant; therefore, the prejudicial effect of reading the indictment far outweighs it probative value.

In State v. Bane, 853 S.W.2d 483 (Tenn. 1993), the Supreme Court held that reading the indictment to the jury is a proper and appropriate procedure. In so holding, the Court distinguished the former case of State v. Onidas, *supra*. In Onidas, the prosecutor explained the functions of the grand jury and the procedure utilized in returning a true bill during *voir dire*. 635 S.W.2d 516-17. The Court in Onidas determined that informing the jury of such matters was irrelevant, unduly prejudicial to the defendant and, therefore, reversible error. Id. at 517-18.

However, in Bane the prosecutor simply read the indictment to the jury. 853 S.W.2d at 484. The Court noted that the indictment "at best is a mere accusation to inform the jury of the charges against the defendant. It raises no presumption of guilt." Id. Therefore, the Court concluded that merely reading the indictment to the jury was a permissible procedure. Id.[1]

In the case *sub judice*, there is no indication in the record that the assistant district attorney did anything other than simply read the indictment to the jury. Therefore, this case is in line with Bane, and the trial court did not err in allowing the state to read the indictment to the jury. Furthermore, the trial court instructed the jury that the indictment is not "evidence against the defendant and does not create any inference of guilt." Jurors are presumed to follow the instructions of the trial court. Henley v. State, 960 S.W.2d 572, 581 (Tenn. 1997).

This issue has no merit.

---

[1] In his brief defense counsel only cited the Onidas case and did not mention, nor try to distinguish, the Bane case. Yet, present defense counsel also represented the defendant in Bane. Bane was cited in the state's brief.

## REASONABLE DOUBT JURY INSTRUCTION

In his final issue defendant contends that the trial court's instruction to the jury on reasonable doubt is unconstitutional. He asserts that the instruction lowered the state's burden of proof by stating "absolute certainty of guilt is not demanded by the law to convict of any criminal charge."

The issue is without merit. The reasonable doubt jury instruction utilizing the "absolute certainty" language has been upheld by this Court. *See* State v. Willie Taylor, C.C.A. No. 02C01-9702-CR-00080, Shelby County (Tenn. Crim. App. filed March 10, 1998, at Jackson); State v. Melvin Edward Henning, C.C.A. No. 02C01-9703-CC-00126, Madison County (Tenn. Crim. App. filed October 24, 1997, at Jackson); State v. James Earl Somerville, C.C.A. No. 02C01-9608-CC-00289, Tipton County (Tenn. Crim. App. filed October 13, 1997, at Jackson).

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**DAVID H. WELLES, JUDGE**