IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1998 SESSION

FILED

July 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9710-CR-00384 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. ARTHUR T. BENNETT, |
| ADRIAN WHITE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (First-Degree Murder) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**BRETT B. STEIN**                    **JOHN KNOX WALKUP**
236 Adams Ave.                        Attorney General & Reporter
Memphis, TN 38103
                                      **ELIZABETH T. RYAN**
**WAYNE CHASTAIN**                    Asst. Attorney General
66 Monroe, Suite 804                  John Sevier Bldg.
Memphis, TN 338103                    425 Fifth Ave., North
     (Trial Only)                     Nashville, TN  37243-0493

                                      **WILLIAM L. GIBBONS**
                                      District Attorney General

                                      **THOMAS D. HENDERSON**
                                      **JENNIFER NICHOLS**
                                      Asst. District Attomeys General
                                      201 Poplar St., Suite 301
                                      Memphis, TN 38103

OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

## O P I N I O N

The defendant was convicted of first-degree murder and two counts of aggravated robbery.[1]  In this appeal as of right, he argues that the trial court erred in allowing the State to read the indictment to the jury and in instructing the jury on "reasonable doubt."  Finding no merit in either of these arguments, we affirm.

The defendant first argues that the trial court erred in allowing the State to read the indictment to the jury.  The defendant has failed to include a transcription of the reading of the indictment in the record on appeal.  Consequently, we cannot determine whether the State merely read the indictment verbatim, which is "an appropriate and proper procedure," State v. Bane, 853 S.W.2d 483, 484 (Tenn. 1993), or whether the State made the sort of improper comments regarding an indictment admonished in State v. Onidas, 635 S.W.2d 516 (Tenn. 1982).  As such, meaningful review of this issue is precluded.

Next, the defendant argues that the trial court improperly instructed the jury on the meaning of "reasonable doubt."  The jury instruction in question reads as follows:

> A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in this case.  It is not necessary that the defendant's guilt be proved beyond all possible doubt, as absolute certainty of guilt is not demanded by the law to convict of any criminal charge.  A reasonable doubt is just that -- a doubt that is reasonable after an examination of all the facts in this case.  If you find the state has not proven every element of the offense beyond a reasonable doubt, then you should find the defendant not guilty.

This instruction is identical to T.P.I. (Crim.) 2.03(a) (4th ed. 1997), the pattern jury instruction on "reasonable doubt" that was written when the constitutionality of T.P.I.

---

[1]The defendant appealed only as to his conviction for first-degree murder.

(Crim.) 2.03 (4th ed. 1997), was questioned. <u>See</u> T.P.I. (Crim.) 2.03 cmt. 2 (4th ed. 1997). We find no indication in the record that the defendant requested a different instruction defining "reasonable doubt" or that the defendant objected to the instruction as given, rendering the defendant's argument waived in the absence of plain error. <u>State v. Cravens</u>, 764 S.W.2d 754, 757 (Tenn. 1989). Here, we find no error at all, let alone plain error, as this Court has already determined that T.P.I. (Crim.) 2.03(a) is constitutionally adequate. <u>State v. Jose Holmes</u>, 02C01-9505-CR-00154, Shelby County (Tenn. Crim. App. filed December 10, 1997, at Jackson).

We find no merit to either of the defendant's arguments. Accordingly, we affirm his conviction and sentence.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
THOMAS T. WOODALL, Judge